**DUANE MORRIS LLP**
Matthew Taylor
John Dellaportas
Evangelos Michailidis
1540 Broadway
New York, New York 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020

and

**WOODCOCK WASHBURN LLP**
Steven Rocci (prospective *pro hac vice* admission)
Aleksander J. Goranin (prospective *pro hac vice* admission)
Daniel J. Goettle (prospective *pro hac vice* admission)
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Tel: (215) 568-3100
Fax: (215) 568-3439

Attorneys for Plaintiffs



11 CV 2648

RECEIVED
APR 18 2011
U.S.D.C. S.D.N.Y.
CASHIERS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs SAP AG and SAP America, Inc. (together, "SAP"), for their complaint against defendant DataTern, Inc. ("DataTern"), allege as follows:

## NATURE OF THE CASE

1. SAP brings this action seeking a declaratory judgment (a) that U.S. Patent Nos. 5,937,402 ("the '402 patent") and 6,101,502 ("the '502 patent") are invalid and (b) that SAP's BusinessObjects enterprise software ("BusinessObjects") does not infringe the '402 or '502 patents, nor has SAP infringed, induced others to infringe, or contributed to the infringement by others of the '402 or '502 patents.

2. SAP seeks this necessary relief because DataTern, the purported owner of the '402 and '502 patents, has instituted several multi-defendant litigations against third parties alleging that they infringe the '402 and/or '502 patents. In presenting its infringement theories to these third parties, DataTern has referenced various components of SAP's BusinessObjects software. Certain third parties sued by DataTern have, in turn, notified SAP of DataTern's allegations and have, in some instances, asked SAP to defend and indemnify them in the lawsuits filed by DataTern against them.

3. DataTern's allegations have thus placed a cloud over SAP and its BusinessObjects products, have injured and are injuring SAP's business and business relationships, and have created a concrete and immediate justiciable controversy between SAP and DataTern.

## PARTIES

4. Plaintiff SAP AG is a German stock corporation, with its principal place of business located at Dietmar-Hopp-Allee 16, 69190 Walldorf, Federal Republic of Germany.

5. Plaintiff SAP America, Inc., a subsidiary of SAP AG, is a Delaware corporation, with its principal place of business located at 3999 West Chester Pike, Newtown Square, PA 19703.

6. On information and belief, Defendant DataTern was originally incorporated under the laws of the state of Delaware, is currently incorporated under the laws of the state of Texas, and has its principal place of business located at 330 Madison Avenue, 31st Floor, New York, NY 10017.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331, and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act.

8. On information and belief, DataTern is subject to personal jurisdiction in the Southern District of New York because DataTern's principal place of business is in this district.

9. On information and belief, venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b) and (c) because DataTern has its principal place of business in New York.

## FACTUAL BACKGROUND

10. SAP is a world leader in enterprise software applications, which are designed to help companies make their business processes more efficient and agile and to enable real-time, effective decision-making. SAP is the world's third-largest independent software manufacturer by market capitalization, with more than 109,000 customers in over 120 countries.

11. SAP America, Inc. oversees SAP's business and sales operations in the United States. It employs more than 2,000 people in Newtown Square, Pennsylvania, and more than 10,000 people throughout the United States.

12. SAP obtained BusinessObjects software in 2008, through the friendly acquisition of the company Business Objects S.A. BusinessObjects software provides a portfolio of business intelligence, enterprise information management, enterprise performance management,

and governance and compliance applications that allow business users to efficiently search and explore their company's data for business insight, analysis, monitoring, and reporting.

13. DataTern purports to own the '402 patent, entitled "System for Enabling Access to a Relational Database from an Object-Oriented Program." The '402 patent issued on August 10, 1999. A copy of the '402 patent is attached hereto as Exhibit A.

14. DataTern also purports to own the '502 patent, entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software." The '502 patent issued on August 8, 2000. A copy of the '502 patent is attached hereto as Exhibit B.

15. On information and belief, DataTern is wholly owned by Amphion Innovations plc ("Amphion"), a venture capital company incorporated under the laws of the Isle of Man, United Kingdom.

16. On information and belief, DataTern is in the business of holding, litigating, and licensing the '402 and '502 patents. Amphion has publicly described DataTern as Amphion's "IP licensing programme" and "a key source of financial support." *See* Amphion Innovations 2009 Annual Report & Accounts, available at http://www.amphionplc.com/reports_2009.php. Amphion has also represented that "DataTern has the potential to be an ever increasing source of future revenues for Amphion and its Partner Companies." *See* http://www.amphionplc.com/partner_datatern.php.

17. On information and belief, DataTern's principal place of business is identical to Amphion's – 330 Madison Avenue, 31st Floor, New York, NY 10017.

18. All on information and belief: Two of DataTern's three directors are Amphion's chairman and chief executive officer, Richard C.E. Morgan, and Amphion's president and chief financial officer, Robert J. Bertoldi. DataTern's remaining board member and sole executive,

4

John Caruso, is a managing director of Amphion. DataTern has no employees separate from Amphion. According to Amphion's most recent annual report, DataTern and Amphion have a total of seven employees.

19.     On June 2, 2009, DataTern filed an action in the Eastern District of Texas, Marshall Division, alleging infringement of the '402 patent against The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Bayer Corporation, BP America Inc., Buy.com Inc., Chevron Corporation, Chevron U.S.A. Inc., Chevron Products Company, ConocoPhillips Company, ConocoPhillips, Halliburton Company, HSN, Inc., HSN Interactive LLC, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank U.S.A., N.A., Washington Mutual, Inc., Nationwide Financial Services, Inc., Nationwide Mutual Insurance Company, The Prudential Real Estate Affiliates, Inc., The Prudential Insurance Company of America, Prudential Financial, Inc., SunTrust Banks, Inc. and SunTrust Bank. *See DataTern, Inc. v. The Allstate Corporation, et al.*, 2:09-cv-00178-TJW (E.D. Tex., Marshall Division) (the "*Allstate* Action").

20.     On February 16, 2010, DataTern filed another action in the Eastern District of Texas, Marshall Division, alleging infringement of the '502 patent against Suntrust Banks, Inc., Suntrust Bank, BP America, Inc., ConocoPhillips Company, ConocoPhillips, Buy.com, Inc., HSN, Inc., HSN Interactive, LLC, The Allstate Corporation, Allstate Insurance Company, Allstate Life Insurance Company, Discover Financial Services, Inc., and Halliburton Company. *See DataTern, Inc. v. SunTrust Banks et al.*, 2:10-cv-00055-TJW (E.D. Tex., Marshall Division). This action was consolidated into the *Allstate* Action.

21.     On April 19, 2010, DataTern filed another action in the Eastern District of Texas, Marshall Division, alleging infringement of the '402 and '502 patents against Staples, Inc., J.C.

Penney Company, Inc., J.C. Penney Corporation, Inc., Sears Holdings Corporation, Inc., Sears, Roebuck and Co., The Bank of New York Mellon Corporation, Eagle Investment Systems LLC, Pershing LLC, Capital One Financial Corporation, Capital One Bank (USA), National Association, Capital One, National Association, Capital One Services, Inc., Regions Financial Corporation, The Goldman Sachs Group, Inc., Goldman Sachs International, Goldman, Sachs & Co., Fidelity Brokerage Services LLC, FMR LLC, FMR Corp., National Financial Services LLC, The PNC Financial Services Group, Inc., PNC Bancorp, Inc., PNC Bank, National Association and PNC Holding, LLC. *See DataTern, Inc. v. Staples, Inc., et al.*, 2:10-cv-00133-TJW (E.D. Tex, Marshall Division).

22. On October 7, 2010, DataTern filed another action in the Eastern District of Texas, Marshall Division alleging infringement of the '402 and '502 patents against Eli Lilly and Company, AFLAC, Inc., Allscripts Healthcare Solutions, Inc., Veracity Solutions, Inc., Volkswagen Group of America, Inc., Infosys Technologies, Ltd., Hitachi Consulting Corporation, Iron Mountain, Inc., Newell Rubbermaid, Inc. and Walgreen Company. *See DataTern, Inc. v. Eli Lilly and Company, et al.*, 2:10-cv-00413-TJW (E.D. Tex., Marshall Division). On January 28, 2011, DataTern amended its complaint to add AT&T, Inc., Verizon Communications, Inc., and Thomson Reuters Corporation as defendants. *Id.* at Docket No. 27.

23. On April 4, 2011, DataTern filed another action in the Eastern District of Texas, Marshall Division alleging infringement of the '402 patent against Abbott Laboratories, Comcast Corporation, General Dynamics Corporation, General Mills, Inc., Harley-Davidson, Inc., Hewlett-Packard Company, Lockheed Martin Corporation, Morgan Stanley, Pepsico, Inc., Pfizer Inc. and URS Corporation. *See DataTern, Inc. v. Abbott Laboratories et al.*, 2:11-cv-00203-TJW (E.D. Tex., Marshall Division).

24. Currently, DataTern's Texas Actions involve four pending cases – 2:09-cv-00178 (consolidated with 2:10-cv-00055), 2:10-cv-00133, 2:10-cv-00413, and 2:11-cv-00203. None of these actions have gone to trial and none have had a claim construction hearing.

25. To date, a large number of defendants named in the above cases have been dismissed from the Texas Actions. On information and belief, a large number of defendants have been dismissed after settling with DataTern, and have done so after agreeing to make individual payments to DataTern far below each such defendant's anticipated individual litigation cost to defend itself against DataTern's claims.

26. On information and belief, despite having received settlement offers from DataTern for sums well below their anticipated litigation defense costs, the following defendants remain in DataTern's Texas Actions (other than the recently filed 2:11-cv-00203 action): AFLAC, Inc., Allscripts Healthcare Solutions, Inc., AT&T, Inc., Eli Lilly and Company, Iron Mountain, Inc., J.C. Penney Company, Inc., J.C. Penney Corporation, Inc., Sears Holdings Corporation, Inc., Sears, Roebuck and Co., Staples, Inc., Thomson Reuters Corporation, Verizon Communications, Inc., Volkswagen Group of America, Inc., and Walgreen Company.

27. All on information and belief: In the first half of 2010, DataTern's parent Amphion experienced a significant downturn in licensing revenue. In its 2010 interim financial results, released on or around September 10, 2010, Amphion announced that "[r]evenue was down from approximately $4 million in the first half of last year, to $1.63 million in the first half of the current financial year to 30 June 2010, with the entire decrease attributable to the shortfall in licensing revenue." Amphion also stated that its licensing program, implemented through DataTern, "was running behind plan in the first half of the year due to delays in filing new claims and in obtaining settlements in existing cases." Amphion reported that, as a consequence,

it was "taking steps to improve the structure, management and economics of the DataTern programme." *See* Amphion Innovations plc Interims [sic] Results for the 6 months to 30 June 2010, available at http://www.amphionplc.com/reports_2010.php.

28. On information and belief, starting on or around October 8, 2010, DataTern sent "generic claim charts" and "illustrative infringement contentions" to SAP customers named by DataTern in its Texas actions, including Allstate Insurance Company, Allstate Life Insurance Company, The Bank of New York Mellon Corporation, BP America, Inc., Eli Lilly and Company, and Volkswagen Group of America, Inc. These charts and contentions purport to support DataTern's infringement theories under the '402 and '502 patents, and, in so doing, reference certain components of SAP's BusinessObjects software. On information and belief, representative "illustrative infringement contentions" and "generic claim charts" are attached hereto at Exhibit C (The Bank of New York Mellon Corporation), Exhibit D (BP America, Inc.), Exhibit E (Eli Lilly and Company), and Exhibit F (Volkswagen Group of America, Inc.).

29. On information and belief, on most if not all occasions, DataTern accompanied the "generic claim charts" or "illustrative infringement contentions" referencing SAP's BusinessObjects software with letters to SAP customers alleging that they infringe the '402 and '502 patents. For instance, on information and belief, on or about October 11, 2010, DataTern sent Volkswagen Group of America, Inc. ("Volkswagen"), an SAP customer and named defendant in DataTern's 2:10-cv-00413 action, the letter and attachments appended hereto as Exhibit G.

30. Volkswagen has since notified SAP of DataTern's suit and has asked SAP to indemnify Volkswagen and/or assume its defense it in the action that DataTern has filed against Volkswagen. Volkswagen's letter to SAP to that effect is attached hereto as Exhibit H.

8

31. Likewise, other SAP customers who have received DataTern's "generic claim charts" and "illustrative infringement contentions" referencing BusinessObjects software have, in turn, notified SAP of DataTern's lawsuits and/or have asked SAP to indemnify and/or defend them in the actions that DataTern has filed against them. An illustrative letter to SAP from Eli Lilly and Company to that effect is attached hereto as Exhibit I.

32. To date, Eli Lilly and Company, Volkswagen, BP America, Inc., and The Bank of New York Mellon Corporation have requested that SAP indemnify and/or assume their defense in their respective DataTern lawsuits. On information and belief, Eli Lilly and Company and Volkswagen have continued to litigate their cases against DataTern.

33. SAP believes that the '402 and '502 patents are invalid and that neither SAP nor its products have infringed the '402 or '502 patents, nor has SAP induced others to infringe or contributed to the infringement by others of the '402 or '502 patents.

34. DataTern's claims and allegations have placed a cloud over SAP and its products, have injured and are injuring SAP's business and business relationships, and have created a concrete and immediate justiciable controversy between SAP and DataTern.

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Invalidity of the '402 Patent)

35. SAP realleges and incorporates paragraphs 1 to 34 as if fully set forth herein.

36. The '402 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation one or more of §§ 101, 102, 103, and 112.

37. The '402 patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that invalidates the claims.

38. SAP seeks and is entitled to a declaratory judgment that all claims in the '402 patent are invalid.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Invalidity of the '502 Patent)

39. SAP realleges and incorporates paragraphs 1 to 34 as if fully set forth herein.

40. The '502 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation one or more of §§ 101, 102, 103, and 112.

41. The '502 patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that invalidates the claims.

42. SAP seeks and is entitled to a declaratory judgment that all claims in the '502 patent are invalid.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '402 Patent)

43. SAP realleges and incorporates paragraphs 1 to 34 as if fully set forth herein.

44. Neither SAP nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '402 patent.

45. SAP seeks and is entitled to a declaratory judgment that neither it nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Noninfringement of the '502 Patent)

46. SAP realleges and incorporates paragraphs 1 to 34 as if fully set forth herein.

47. Neither SAP nor its products have infringed, induced others to infringe or contributed to the infringement by others of the '502 patent.

48. SAP seeks and is entitled to a declaratory judgment that neither it nor its products infringe or have infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '502 patent.

### REQUEST FOR RELIEF

WHEREFORE, SAP respectfully requests the Court to enter judgment in its favor and against DataTern as follows:

1. For judgment that the '402 patent and the '502 patent, and each of the claims therein, are invalid;

2. For judgment that neither SAP nor its products infringes or has infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent or the '502 patent;

3. For costs and reasonable attorneys' fees incurred in connection with this action; and

4. For such other and further relief as the Court deems just.

Dated: April 18, 2011
New York New York

By: _____/s/ John Dellaportas_____

OF COUNSEL:

Steven J. Rocci
 (rocci@woodcock.com)
Aleksander J. Goranin
 (agoranin@woodcock.com)
Daniel J. Goettle
 (dgoettle@woodcock.com)

WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Tel: 215-568-3100
Fax: 215-568-3439

Matthew Taylor
 (mataylor@duanemorris.com)
John Dellaportas
 (dellajo@duanemorris.com)
Evangelos Michailidis
 (emichailidis@duanemorris.com)

DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Tel: 212-692-1000
Fax: 212-692-1020

*Attorneys for Plaintiffs SAP AG and SAP America, Inc.*