## UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
SAP AG and SAP AMERICA, INC.,       )
       )
      Plaintiffs,       )      Civil Action No. 11-cv-02648-RJH
       )
      v.       )      **ANSWER**
       )
DATATERN, INC.,       )      **JURY TRIAL DEMANDED**
       )
      Defendant.       )
————————————————————————)

The defendant, DataTern, Inc. ("DataTern"), by and through its attorneys, answers the numbered paragraphs of the complaint as follows:

1.      The allegations of Paragraph 1 merely states the nature of the case and thus no specific answer is needed.  To the extent an answer is required, however, DataTern admits that SAP has filed a declaratory judgment action seeking the relief specified in Paragraph 1 but otherwise denies the allegations of Paragraph 1.

2.      The allegations of Paragraph 2 merely states the nature of the case and thus no specific answer is needed.  To the extent an answer is required, however, DataTern admits that it has sued various third parties for infringement of the '402 and/or '502 patents. DataTern lacks sufficient knowledge or belief as to whether any of those third parties have requested indemnification from SAP.  DataTern otherwise denies the allegations of Paragraph 2.

3.      The allegations of Paragraph 3 merely states the nature of the case and thus no specific answer is needed.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 3.

4.      DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 4.

5.      DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 5.

6.      Admitted.

7.      Paragraph 7 states a legal conclusion to which no answer is required.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 7.

8.      Paragraph 8 states a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 8.

9.      Paragraph 9 states a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 9.

10.     DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 10.

11.     DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 11.

12.     DataTern lacks sufficient information or belief to admit or deny the allegation in the first sentence of Paragraph 12.  DataTern admits that BusinessObjects is enterprise software that performs one or more of the functions alleged in the second sentence of Paragraph 12.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     DataTern admits that that the quoted statements were made and otherwise denies the allegations in Paragraph 16.

17.     Admitted.

18.     Admitted

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Denied.

25.    DataTern lacks sufficient information or belief as to whether any alleged individual payments have been "far below each such defendant's anticipated individual litigation cost to defend itself," as alleged, and otherwise denies the allegations of Paragraph 25.

26.    Denied.

27.    DataTern admits that Amphion made the quoted statements but otherwise denies the allegations of Paragraph 27.

28.    DataTern admits that it has contacted from time to time defendants in the various litigations currently pending in Texas and has delivered to such defendants claim charts showing infringement of the '402 and/or '502 patents but otherwise denies the allegations of Paragraph 28.

29.    DataTern admits that it has contacted from time to time defendants in the various litigations currently pending in Texas, including Volkswagen, and has delivered to such defendants claim charts showing infringement of the '402 and/or '502 patents. Otherwise, DataTern denies the remaining allegations of Paragraph 29.

30.    DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 30.

31.    DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 31.

ME1 11838974v.1

32.     DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 32.

33.     DataTern lacks sufficient information or belief as to SAP's beliefs but denies that the '402 and '502 patents are invalid.  DataTern denies the remaining allegations of Paragraph 33.

34.     Denied.

### Answer to SAP's First Claim for Relief

35.     DataTern realleges and incorporates its answers to Paragraphs 1-34.

36.     Paragraph 36 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 36.

37.     Paragraph 37 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern lacks sufficient information or belief as to the identity of the prior art, if any, to which SAP refers and otherwise denies the allegations of Paragraph 37.

38.     DataTern admits that SAP is seeking a declaratory judgment.  The remaining allegations of Paragraph 38 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 38.

### Answer to SAP's Second Claim for Relief

39.     DataTern realleges and incorporates its answers to Paragraphs 1-34.

40.     Paragraph 40 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern lacks sufficient information or belief as to the

ME1 11838974v.1

identity of the prior art, if any, to which Microsoft refers and otherwise denies the allegations of Paragraph 41.

42.     DataTern admits that SAP is seeking a declaratory judgment.  The remaining allegations of Paragraph 42 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 42.

### Answer to SAP's Third Claim for Relief

43.     DataTern realleges and incorporates its answers to Paragraphs 1-34.

44.     Paragraph 44 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 44.

45.     DataTern admits that SAP is seeking a declaratory judgment.  The remaining allegations of Paragraph 45 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 45.

### Answer to SAP's Fourth Claim for Relief

46.     DataTern realleges and incorporates its answers to Paragraphs 1-34.

47.     Paragraph 47 states legal conclusions to which no answer is required.  To the extent an answer is required, however, DataTern denies the allegations of Paragraph 47.

48.     DataTern admits that SAP is seeking a declaratory judgment.  The remaining allegations of Paragraph 48 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 48.

### AFFIRMATIVE DEFENSES

1.     SAP has failed to state a proper claim for relief.

2.     SAP has failed to allege a sufficient case or controversy and thus this Court lacks subject matter jurisdiction over the declaratory judgment claims.

3.     This Court lacks personal jurisdiction over DataTern, and/or venue is improper.

4.     SAP's claims are barred under the equitable doctrines of laches, estoppel, and unclean hands.

5.     The '402 and '502 patents are presumed to be, and are, valid.

6.     DataTern reserves its rights to assert additional claims or defenses as appropriate.

## **JURY DEMAND**

DataTern demands a trial by jury on all issues so triable.

Dated: June 10, 2011                    McCARTER & ENGLISH, LLP

OF COUNSEL:                             By:s/Lee Carl Bromberg_____
                                            Lee Carl Bromberg
William A. Zucker                           265 Franklin Street
wzucker@mccarter.com                        Boston, MA  02110
Erik Paul Belt                              (617) 449-6500
ebelt@mccarter.com                          lbromberg@mccarter.com
McCarter & English, LLP
265 Franklin Street                         and
Boston, Massachusetts  02110
                                            245 Park Avenue
and                                         New York, New York  10167
                                            (212) 609-6800
Timothy J. Haller
haller@nshn.com                             *Attorneys for Defendant*
Gregory P. Casimer                          *DataTern, Inc.*
casimer@nshn.com
Gabriel I. Opatken
gopatken@nshn
Niro Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602

ME1 11838974v.1