UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DATATERN, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 11-cv-02648-RJH <br><br> **FIRST AMENDED ANSWER** <br> **AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMANDED** |

Pursuant to Fed. R. Civ. P. 15(a)(1), the defendant, DataTern, Inc. ("DataTern"), by and through its attorneys, amends as a matter of course its answers to the numbered paragraphs of the complaint and asserts additional affirmative defenses and new counterclaims as follows:

1. The allegations of Paragraph 1 merely states the nature of the case and thus no specific answer is needed. To the extent an answer is required, however, DataTern admits that SAP has filed a declaratory judgment action seeking the relief specified in Paragraph 1 but otherwise denies the allegations of Paragraph 1.

2. The allegations of Paragraph 2 merely states the nature of the case and thus no specific answer is needed. To the extent an answer is required, however, DataTern admits that it has sued various third parties for infringement of the '402 and/or '502 patents. DataTern lacks sufficient knowledge or belief as to whether any of those third parties have requested indemnification from SAP. DataTern otherwise denies the allegations of Paragraph 2.

3. The allegations of Paragraph 3 merely states the nature of the case and thus no specific answer is needed. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 3.

4.  DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 4.

5.  DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 5.

6.  Admitted.

7.  Paragraph 7 states a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 7.

8.  Paragraph 8 states a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 8.

9.  Paragraph 9 states a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 9.

10. DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 10.

11. DataTern lacks sufficient information or belief to admit or deny the allegations of Paragraph 11.

12. DataTern lacks sufficient information or belief to admit or deny the allegation in the first sentence of Paragraph 12.  DataTern admits that BusinessObjects is enterprise software that performs one or more of the functions alleged in the second sentence of Paragraph 12.

13. Admitted.

14. Admitted.

15. Admitted.

16. DataTern admits that that the quoted statements were made and otherwise denies the allegations in Paragraph 16.

ME1 11923054v.1

17. Admitted.

18. Admitted

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Denied.

25. DataTern lacks sufficient information or belief as to whether any alleged individual payments have been "far below each such defendant's anticipated individual litigation cost to defend itself," as alleged, and otherwise denies the allegations of Paragraph 25.

26. Denied.

27. DataTern admits that Amphion made the quoted statements but otherwise denies the allegations of Paragraph 27.

28. DataTern admits that it has contacted from time to time defendants in the various litigations currently pending in Texas and has delivered to such defendants claim charts showing infringement of the '402 and/or '502 patents but otherwise denies the allegations of Paragraph 28.

29. DataTern admits that it has contacted from time to time defendants in the various litigations currently pending in Texas, including Volkswagen, and has delivered to such defendants claim charts showing infringement of the '402 and/or '502 patents. Otherwise, DataTern denies the remaining allegations of Paragraph 29.

30. DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 30.

ME1 11923054v.1

31. DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 31.

32. DataTern lacks sufficient information or belief to admit or deny the allegations in Paragraph 32.

33. DataTern lacks sufficient information or belief as to SAP's beliefs but denies that the '402 and '502 patents are invalid. DataTern denies the remaining allegations of Paragraph 33.

34. Denied.

### Answer to SAP's First Claim for Relief

35. DataTern realleges and incorporates its answers to Paragraphs 1-34.

36. Paragraph 36 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 36.

37. Paragraph 37 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern lacks sufficient information or belief as to the identity of the prior art, if any, to which SAP refers and otherwise denies the allegations of Paragraph 37.

38. DataTern admits that SAP is seeking a declaratory judgment. The remaining allegations of Paragraph 38 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 38.

### Answer to SAP's Second Claim for Relief

39. DataTern realleges and incorporates its answers to Paragraphs 1-34.

40. Paragraph 40 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 40.

41. Paragraph 41 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern lacks sufficient information or belief as to the identity of the prior art, if any, to which Microsoft refers and otherwise denies the allegations of Paragraph 41.

42. DataTern admits that SAP is seeking a declaratory judgment. The remaining allegations of Paragraph 42 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 42.

**Answer to SAP's Third Claim for Relief**

43. DataTern realleges and incorporates its answers to Paragraphs 1-34.

44. Paragraph 44 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 44.

45. DataTern admits that SAP is seeking a declaratory judgment. The remaining allegations of Paragraph 45 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 45.

**Answer to SAP's Fourth Claim for Relief**

46. DataTern realleges and incorporates its answers to Paragraphs 1-34.

47. Paragraph 47 states legal conclusions to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 47.

48. DataTern admits that SAP is seeking a declaratory judgment. The remaining allegations of Paragraph 48 state a legal conclusion to which no answer is required. To the extent an answer is required, however, DataTern denies the allegations of Paragraph 48.

ME1 11923054v.1

## AFFIRMATIVE DEFENSES

1. SAP has failed to state a proper claim for relief.

2. SAP has failed to allege a sufficient case or controversy and thus this Court lacks subject matter jurisdiction over the declaratory judgment claims.

3. SAP has suffered no injury and lacks standing. SAP has no legally adverse interests to DataTern and its economic interests are insufficient to confer standing or subject matter jurisdiction.

4. This Court lacks personal jurisdiction over DataTern, and/or venue is improper.

5. SAP's claims are barred under the equitable doctrines of laches, estoppel, and unclean hands.

6. The '402 and '502 patents are presumed to be, and are, valid.

7. DataTern reserves its rights to assert additional claims or defenses as appropriate.

## CONDITIONAL COUNTERCLAIMS

DataTern foresees moving to dismiss SAP's declaratory judgment claims for lack of standing, lack of case or controversy, and/or failure to state a claim. DataTern also intends to ask for re-examination before the USPTO of the '402 Patent with respect to SAP's claims of invalidity and to ask for a stay of this litigation pending the USPTO's re-examination. In light of such actions, DataTern requested an agreement on the amendment of pleadings until 10 days after denial of the motion to dismiss or the USPTO the lifting of a stay in this case. SAP has refused to agree. Accordingly, contingent on such motions and the Court's consideration of them, DataTern asserts the following conditional counterclaims within the time period for doing so as a matter of right in order to preserve such claims.

1. DataTern, Inc., is a Texas corporation and does business in Texas. DataTern also has offices in Manhattan.

2. SAP AG is a software company headquartered in Walldorf, Germany, with international operations, licensing activity, and sales, including in the United States and in New York. SAP America, Inc., is the U.S. subsidiary of SAP AG and is headquartered in Newtown Square, Pennsylvania, and oversees SAP's U.S. operations.

3. This Court has subject matter jurisdiction over DataTern's counterclaims which, as seen below, allege infringement of United States patents. Specifically, this Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity) and 1338 (patent actions).

4. This Court has personal jurisdiction over SAP AG and SAP America, Inc. (collectively, "SAP"). On information and belief, SAP has committed and/or threatened to commit acts of infringement in this district, as alleged herein, and these counterclaims arise from those acts. SAP has regularly engaged in business in New York and this district and has purposefully availed itself of the privilege of conducting business in this district, for example, by offering and selling infringing software here. Further, SAP has availed itself of the courts of this district by suing DataTern here. For the same reasons, venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b).

5. DataTern owns United States Patent No. 5,937,402 ("the '402 patent). The '402 patent is entitled "System for Enabling Access to a Relational Database from an Object Oriented Program" and issued on August 10, 1999.

6.    DataTern also owns United States Patent No. 6,101,502 ("the '502 patent"). The '502 patent is entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software" and issued on August 8, 2000. The '502 patent was subjected to a reexamination in the United States Patent and Trademark Office ("USPTO") and emerged from that reexamination with the patentability of all of its original claims confirmed. In addition, twenty-six new claims were added and issued as a result of the reexamination. A reexamination certificate was issued on November 10, 2009.

7.    Neither the '402 nor the '502 patent has expired and both are in full force and effect.

8.    Pursuant to 35 U.S.C. § 282, both the '402 and '502 patents and each of their claims are presumed to be valid and enforceable.

9.    SAP developed, uses, offers, and sells certain software and programming tools ("Accused Products") that enable object oriented software programs to access or interface with relational databases. SAP's customers and users of its software products use such Accused Products to develop object oriented applications that interface with relational databases. Such Accused Products include, *inter alia*, BusinessObjects, and/or specific components, tools, or programs within BusinessObjects.

10.   On information and belief, SAP has long been aware of the '402 and '502 patents and has known that it and/or its customers were infringing the patents or was willfully blind to such infringement.

### COUNT I:  INDIRECT INFRINGEMENT OF THE '402 PATENT

11. DataTern repeats and realleges the preceding allegations of the Counterclaim.

12. In violation of at least 35 U.S.C. § 271(b) and/or (c), SAP has been and still is contributing to and/or actively inducing infringement of the '402 patent by manufacturing, using, offering to sell and/or selling within the United States certain software programs and programming tools and instructing others how to use them, including, *inter alia*, BusinessObjects, or specific components, tools, or programs within BusinessObjects (*i.e.*, the Accused Products).

13. SAP has profited and continues to profit from its manufacture, use, offers to sell and sale of the Accused Products.

14. On information and belief, SAP's infringement of the '402 patent has been and continues to be willful wanton and deliberate.

15. DataTern has been and continues to be damaged and irreparably harmed by SAP's infringement of the '402 patent.

### COUNT II:  INDIRECT INFRINGEMENT OF THE '502 PATENT

16. DataTern repeats and realleges the preceding allegations of the Counterclaim.

17. In violation of at least 35 U.S.C. § 271 (b) and (c), SAP has been and still is contributing to and/or actively inducing infringement of the '502 patent by manufacturing, using, offering to sell and/or selling within the United States certain software programs and programming tools and instructing others how to use them, including, *inter alia*, BusinessObjects, or specific components, tools, or programs within BusinessObjects (*i.e.*, the Accused Products).

18. SAP has profited and continues to profit from its manufacture, use, offers to sell and sale of the Accused  Products.

19.     On information and belief, SAP's infringement of the '502 patent has been and continues to be willful wanton and deliberate.

20.     DataTern has been and continues to be damaged and irreparably harmed by SAP's infringement of the '502 patent.

WHEREFORE, DataTern respectfully asks this Court to enter judgment for DataTern and against SAP and to grant DataTern the following relief:

A.     Judgments under 35 U.S.C. § 271 finding that SAP infringes the '402 and/or '502 patents;

B.     Orders under 35 U.S.C. § 283 preliminarily and permanently enjoining SAP from infringing the '402 and '502 patents;

C.     An award of damages under 35 U.S.C. § 284 adequate to compensate DataTern for SAP's infringement of the '402 and '502 patents and an accounting to determine the proper amount of such damages;

D.     A three-fold increase in damages as a result of SAP's willful, wanton and deliberate acts of infringement;

E.     An award pursuant to 35 U.S.C. § 284 of costs and prejudgment and post judgment interest on DataTern's compensatory damages;

F.     An award pursuant to 35 U.S.C. § 285 of DataTern's attorneys' fees incurred in this action;

G.     An order directing the recall of any and all existing Accused Products that infringe the '402 and/or '502 patents; and

H.     Such further relief as this Court deems just and proper

## JURY DEMAND

DataTern demands a trial by jury on all issues so triable.

Dated: July 1, 2011

OF COUNSEL:

William A. Zucker
wzucker@mccarter.com
Erik Paul Belt
ebelt@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, Massachusetts  02110

and

Timothy J. Haller
haller@nshn.com
Gregory P. Casimer
casimer@nshn.com
Gabriel I. Opatken
gopatken@nshn
Niro Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois  60602

McCARTER & ENGLISH, LLP

By: s/Lee Carl Bromberg_____
Lee Carl Bromberg
265 Franklin Street
Boston, MA  02110
(617) 449-6500
lbromberg@mccarter.com

and

245 Park Avenue
New York, New York  10167
(212) 609-6800

*Attorneys for Defendant*
*DataTern, Inc.*

ME1 11923054v.1