UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | Case No. 1:11-cv-02648 KBF <br><br> (ECF CASE) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE
ISSUE TO BE TRIED**

1.      DataTern filed four actions, all in the Eastern District of Texas ("E.D. Texas"), where at least some defendants in each action have been accused of violating the '402 Patent and/or the '502 Patent based on their use of SAP's BusinessObjects products (the "Texas DataTern Actions"). The first of these actions was filed on June 2, 2009. Complaint in *DataTern, Inc. v. The Allstate Corporation et al* (09-cv-00178) [DI 1]; *DataTern, Inc. v. Staples, Inc. et al.*, Case No. 10-cv-00133 (E.D. Tex.) [DI 1]; Complaint in *DataTern, Inc. v. Eli Lilly and Company et al.*, Case No. 10-cv-00413 (E.D. Tex.) [DI 1]; Complaint in *DataTern, Inc. v. Abbott Laboratories et al.*, Case No. 11-cv-00203 (E.D. Tex.) [DI 1].

2.      DataTern served infringement contentions for the '402 Patent on multiple defendants in the Texas DataTern Actions based on their use of SAP's BusinessObjects products. *See* Exhibits A, B, D, and E to Declaration of Jeb B. Oblak ("Oblak Decl.").

3.      DataTern's answer in this matter contained conditional counterclaims of infringement of the '402 Patent as well as U.S. Patent No. 6,101,502 (the "'502 Patent"). The counterclaims were conditioned on the Court's consideration of its Motion To Stay or Dismiss this case. DataTern's First Amended Answer and Counterclaims [#13].

4. On July 22, 2011, DataTern filed a Motion to Stay or Dismiss Plaintiffs' Claims. July 22, 2011 Motion [#37 in 11-cv-2365].

5. On January 31, 2012, the Court heard oral argument on DataTern's Motion to Stay or Dismiss Plaintiffs' Claims, and indicated that it would deny DataTern's Motion. Subsequently, the court did deny that motion. February 15, 2012 Order [#43].

6. On February 14, 2012, DataTern filed a Motion for Reconsideration of its Motion To Stay or Dismiss. February 14, 2012 Motion [#60 in 1:11-cv-02365]. That Motion was denied. April 23, 2012 Order [#65].

7. On February 14, 2012, the Court issued a scheduling order requiring DataTern to serve infringement contentions by March 16, 2012. February 14, 2012 Order [#39]. This date was negotiated by the parties and jointly proposed to the Court. *See* Exhibit F to Oblak Decl.; February 9, 2012 Order [#37].

8. On March 16, 2012, the parties submitted a joint request for, and the Court granted, a one-week extension on DataTern's infringement contentions. March 16, 2012 Endorsed Letter [#54].

9. On March 23, 2012, DataTern served upon Microsoft infringement contentions based on both the '402 and '502 Patents.

10. On March 23, 2012, DataTern served upon SAP infringement contentions based on the '502 Patent.

11. As of the date of filing of this motion, DataTern has not served upon SAP infringement contentions based on the '402 Patent. Declaration of Edward R. Reines ("Reines Decl.") ¶ 2.

12. On Wednesday, March 28, 2012, Edward Reines sent an e-mail to Lee Bromberg. In it, Mr. Reines noted that SAP had received infringement contentions only based on the '502 Patent. Mr. Reines suggested that SAP was willing to dismiss its claim for declaratory judgment of invalidity of the '402 Patent in exchange for an appropriate covenant not to sue from DataTern. Reines Decl. ¶ 3; Exhibit A to Reines Decl.

13. After receiving no response, Mr. Reines initiated discussion of the issue with Mr. Bromberg via telephone. In the course of that telephone call, Mr. Bromberg told Mr. Reines that infringement contentions based on the '402 Patent would be "premature". Reines Decl. ¶ 4.

14. Mr. Reines raised the topic with Mr. Bromberg via telephone a second time. Mr. Bromberg confirmed to Mr. Reines that DataTern viewed infringement contentions based on the '402 Patent as "premature". Reines Decl. ¶ 5.

Dated:    April 26, 2012

Respectfully submitted,

/s/ Edward R. Reines

Edward R. Reines (*pro hac vice*)
Evan N. Budaj (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802 3000
Facsimile: (650) 802 3100

Douglas McClellan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002-2755
Telephone: (713) 546 5000
Facsimile: (713) 224 9511

Timothy E. DeMasi
WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

***Attorneys for Plaintiffs-Counterclaim Defendants***
SAP AG and SAP America, Inc.