UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICROSOFT CORPORATION, <br> SAP AG, and SAP AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | **Consolidated Cases:** <br><br> Civil Action No. 11-cv-02365-KBF <br> Civil Action No. 11-cv-02648-KBF <br> (Cases pending in U.S. District Court <br> for the Southern District of New York) |

**DEFENDANT DATATERN, INC.'S MOTION TO STRIKE
PORTIONS OF THE DECLARATION OF JEB B. OBLAK FILED
IN SUPPORT OF SAP AG'S AND SAP AMERICA, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND
REFERENCES AND INFERENCES ARISING THEREFROM**

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 56, defendant and counterclaimant DataTern, Inc. ("DataTern") respectfully submits this memorandum of law in support of its motion to strike paragraphs 2, 3, 5 and 6 of the Declaration of Jeb B. Oblak In Support of SAP AG's And SAP America, Inc.'s Motion For Partial Summary Judgment ("Oblak Declaration"), the documents referred to in those paragraphs, and all references to and inferences drawn by SAP from those documents in the Statement of Undisputed Facts and Memorandum of Law in Support of SAP AG's and SAP America, Inc.'s Motion for Partial Summary Judgment.

Paragraphs 2, 3, 5 and 6 of the Oblak declaration squarely contravenes Fed. R. Civ. P. 56(c)(4) because they are based upon "information and belief," not personal

1

knowledge, as required under the rule. *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 138 (2d Cir. 2009); *W.T. and K.T. on behalf of J.T. v. Board of Edu. Of School Dist. of N.Y.C.*, 716 F.Supp.2d 270, 284 (S.D.N.Y. 2010) ("an affidavit accompanying a motion for summary judgment must be based on personal knowledge, a standard not satisfied statements made 'upon information and belief'").

Moreover, the exhibits included in the Oblak Declaration fail to satisfy the other requirement of Rule 56 (c)(4), namely, they do not "set out facts that would be admissible in evidence," because they cannot be authenticated by Mr. Oblak, himself, and because they are documents distributed in the context of settlement negotiations which SAP attempts to offer in order to impeach, which is expressly prohibited under Fed. R. Evid. 408 and 902(11). *See Kaur v. NYC Health and Hosps. Corp.* 688. F.Supp.2d 317, 323 (S.D.N.Y. 2010) citing Fed. R. Evid. 902(11) ("The affidavit of defense counsel, who lacks personal knowledge as to the creation or maintenance of Defendant's records, is insufficient to certify their authenticity."); Fed. R. Evid. 408 (stating that evidence of compromise offers and negotiations is "not admissible. . . to impeach by prior inconsistent statement. . ."). Fed. R. Civ. P. Rule 56(c)(4). *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("Since the object of summary judgment is to discover whether one side has no real support for its version of the facts, the Rule specifically states that affidavits shall 'set forth facts as would be admissible in evidence.' Therefore, only admissible evidence need by considered by the trial court in ruling on a motion for summary judgment.'")

## ARGUMENT

I. **PARAGRAPHS 2, 3, 5 AND 6 OF THE OBLAK DECLARATION VIOLATE RULE 56 AND MUST BE STRICKEN**

A declaration used to oppose a motion for summary judgment must comply with Fed. R. Civ. P. 56(c)(4), which requires that the declaration (1) "be made on personal knowledge"; (2) "set out facts that would be admissible in evidence"; and (3) "show that the declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Statements in a declaration that violate any of the three elements of this Rule must be stricken from the record and disregarded by the Court when ruling on a pending summary judgment motion. *See Kaur,* 688. F.Supp.2d at 323 ("To the extent that an affidavit or declaration contains material that does not comply with Rule 56. . ., the Court may strike these portions or may simply disregard them"); *Omnipoint Comm. v. Common Council of City of Peekskill*, 202 F.Supp.2d 210, 213 (S.D.N.Y. 2002) ("An attorney's affidavit which is not based on personal knowledge of the relevant facts should be accorded no weight on a motion for summary judgment"); *Century Pacific, Inc. v. Hilton Hotels Corp.*, 528 F.Supp.2d 206, 217 (S.D.N.Y. 2007) (striking portions of affidavit and exhibit which contain inadmissible hearsay evidence).

In both *Omnipoint* and *Baskin-Robbins*, this Court struck affidavits submitted in the context of summary judgment because, like the Oblak Declaration, each of the declarants made statements based "upon information and belief" instead of personal knowledge. *See Omnipoint Comm.*, 202 F.Supp.2d 210 at 213 ("When an attorney's affirmation does not comply with Rule 56(e), the court should strike the portions thereof which are not made upon the affiant's personal knowledge. . . This affidavit is filled with. . . statements. . . that could not be in Mr. Florence's personal knowledge. . .[These statements] are sricken and will be disregarded"); *Baskin-Robbins, Inc. v. S&N Prinja, Inc.* 78 F.Supp. 2d 226, 234 (S.D.N.Y. 1999) ("Baskin-Robbins correctly points out that

3

statements in an affidavit. . . must be based upon personal knowledge of the affiant in order to satisfy Fed. R. Civ. P. 56(e). . . none of the above averments meets that standard. . . Accordingly, Baskin-Robbins' motion to strike is granted. . .").

The same result is warranted here, where the Oblak Declaration purports to introduce evidence that is outside of his personal knowledge, based only upon information and belief.  *See* Oblak Declaration, at ¶¶ 2, 3, 5 and 6 ("On information and believe, attached hereto. . . is a true and correct copy of. . .").  *SCR Joint Venture LLP*, 559 F.3d 133, 138 (2d Cir. 2009) quoting *Patterson v. County of Oneida*, *N.Y.*, 375 F. 3d 206, 219 (2d Cir. 2004) ("a supporting or opposing affidavit must be made on personal knowledge. . . **The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief**'") (emphasis added).

II. **PARAGRAPHS 2, 3, 5 AND 6 OF THE OBLAK DECLARATION AND THE CORRESPONDING EXHIBITS MUST BE STRICKEN BECAUSE THEY REFER TO AND/OR CONSTITUTE INADMISSIBLE EVIDENCE**

The principles governing admissibility of evidence do not change on a motion for summary judgment.  Rule 56(e) provides that affidavits in support of and against summary judgment 'shall set forth such facts as would be admissible in evidence.'" *Raskin,* 125 F.3d at 66 quoting Rule 56(e).  "Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Id.*  Since Exhibits 2, 3, 5 and 6 are copies of draft illustrative claim charts distributed to third-parties, which did not include Mr. Oblak or his clients SAP AG. and SAP America, Inc. ("SAP"), for the limited purpose of settlement negotiations, these exhibits and paragraphs 2,3, 5 and 6 of the Oblak Declaration must be stricken.  *See* Declaration of William

Davis, at ¶¶ 2-6; Declaration of John Caruso In Support of Opposition of DataTern, Inc. to SAP's Motion for Partial Summary Judgment, at ¶¶ 3-5.

First, it is well established that Mr. Oblak's declaration cannot serve to authenticate documents that were not addressed to him.  *See Kaur*, 688 F.Supp.2d at 323 ("Defendant has failed to support any of the offered records with a proper affidavit.  The affidavit of defense counsel, who lacks personal knowledge as to the creation or maintenance of Defendant's records, is insufficient to certify their authenticity. . . Defendant has failed to submit an affidavit of the custodian of these records or affidavit of any other 'qualified person' to authenticate the records"); *Century Pacific, Inc.*, 528 F.Supp.2d at 217 ("Friedman Affidavit Exhibit 28 is an email from a West Coast employee to a Lehman employee discussing Hilton's intent to sell Red Lion in May of 2001.  This evidence is inadmissible because the author lacks personal knowledge of the issue. . .Defendants' motion to strike this evidence is granted").  As such, paragraphs 2,3, 5 and 6 and the exhibits referenced and attached thereto (A, B, D and E) should be disregarded by this Court.

Second, even if the documents are properly authenticated, SAP cannot offer them as evidence in support of its motion for summary judgment pursuant to Fed. R. Evid. 408.  Fed. R. Evid. 408 clearly states "evidence . . . when offered . . . to impeach through a prior inconsistent [statement] or contradiction [is inadmissible if] . . . (2) [the] conduct or statement [was] made in compromise negotiations regarding the claim."  *U.S.A. v. Hampton Roads Sanitation Department,* No. 09-481, 2012 WL 119030, at *5 (E.D. VA. April 2, 2012), quoting Fed. R. Evid. 408.  "The Rule is clear by its text and history that it covers not only settlements and negotiations between the parties to the lawsuit, but also

settlements and negotiations involving a third party." *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012). DataTern's only reason for disclosing the draft illustrative claim charts provided by DataTern during the course of its negotiations with certain defendants in the Texas Litigation (as outlined in the Caruso Declaration) was to effectuate settlement. *See* Caruso Declaration, at ¶ 3. The disclosure of these draft claim charts was not intended to exhaust or reflect the panoply of infringement claims DataTern had or may have against the Texas defendants, SAP or any other parties. *Id.* Nor was it intended to assist in DataTern's prosecution of specific patent infringement claims against SAP. *See id.* at ¶¶ 3 & 5; Declaration of William Davis, at ¶¶ 2-6.

Nonetheless, SAP now wishes to introduce these draft claim charts through the Oblak Affidavit to impeach DataTern's statement in its infringement contentions that it does not have sufficient information to articulate the manner in which Business Objects may infringe the '402 patent in order to seek a judgment dismissing DataTern's corresponding counterclaim against Business Objects. The introduction of these draft claim charts is improper, since the claim charts themselves are inadmissible. *See Hampton Roads Sanitation Department,* No. 09-481, 2012 WL 119030, at *5, citing Fed. R. Evid. 408 Advisory Committee's Notes at 307 ("Compelling plaintiffs to adhere to commentary shared during the informal dispute resolution is barred by Rule 408(2) and would weaken the Consent Decree's information dispute resolution process. Limiting the parties to positions they considered during the informal dispute resolution process could chill the frank exchange of information"). It follows that the Court must strike exhibits A, B, D and E to the Oblak Affidavit and any paragraphs referencing them for failing to comply with Fed. R. Civ. P. 56.

6

## CONCLUSION

For the foregoing reasons, DataTern respectfully requests that the Court grant its motion to strike the declaration of Jeb Oblak and exhibits A, B, D and E thereto, both of which are offered in support of SAP's motion for partial summary judgment.

DATATERN, INC.
By its Attorneys,


__/s/ Lee Carl Bromberg_____
Lee Carl Bromberg, BBO# 058480
William A. Zucker, BBo #541240
Erik Paul Belt, BBO# 558620
McCarter English, LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500

May 10, 2012

## CERTIFICATE OF SERVICE

I certify that, on this 10th day of May, 2012, I served via ECF and electronic mail copies of this motion to strike on counsel of record for each other party.

/s/ Lee Carl Bromberg_____
Lee Carl Bromberg
