UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICROSOFT CORPORATION, <br> SAP AG, and SAP AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | **Consolidated Cases:** <br><br> Civil Action No. 11-cv-02365-KBF <br> Civil Action No. 11-cv-02648-KBF |

## DECLARATION OF LEE CARL BROMBERG, ESQ.

I, Lee Carl Bromberg, Esq., hereby declare:

1. I am an attorney and licensed to practice in New York, Massachusetts and Texas. I represent the defendant, DataTern, Inc. ("DataTern") in this matter. The following statements are based upon my personal knowledge.

2. On February 22, 2012 I, along with my colleagues William A. Zucker and Erik Paul Belt, on behalf of DataTern, met with representatives of SAP and their outside counsel, including Ed Reines of Weil Gotshall, at the offices of Woodcock Washburn, LLP in Philadelphia, PA. During the meeting, Mr. Reines advised my colleagues and I that SAP was prepared to produce immediately SAP's source code to expedite matters and conform to the Court's schedule, and suggested that the parties abandon the proposed protective order that was the subject of the February 14, 2012 discovery conference, and adopt, without revision, the standard order used by the U.S. District Court for the Northern District of California.

3. On or about March 28, 2012 I received an email from Edward Reines, Esq., counsel for plaintiff SAP AG and SAP America, Inc. ("SAP"). In that email Mr. Reines inquired about DataTern's omission of infringement contentions concerning SAP's BusinessObjects and DataTern's patent number 5,937,402 (the "402 patent").

4. Shortly after sending the email Mr. Reines called me. In response to Mr. Reines' inquiry about the 402 patent and DataTern's infringement contentions against BusinessObjects, I said that we drafted infringement contentions regarding the '402 patent, but decided not to serve them because we thought we should review SAP's documentation and source code provided in response to our discovery requests to confirm infringement before finalizing our contentions. While discovery requests were pending, SAP had not yet responded to them and we had not had the opportunity to confirm our contentions. Consequently I said it would be "premature" to serve the contentions before we had had the opportunity to confirm infringement based upon source code and documentation disclosed during discovery. I said we declined to dismiss our '402 claims because we believed the evidence would establish a basis for infringement, and that we intended to amend and/or supplement our contentions as soon as we were able to do so.

Signed under the pains and penalties of perjury this 9th day of May, 2012.

/s/ Lee Carl Bromberg
Lee Carl Bromberg