### IN THE UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF NEW YORK

MICROSOFT CORPORATION,

               Plaintiff,

v.

DATATERN, INC.,

               Defendant.

SAP AG AND SAP AMERICA, INC.,

               Plaintiffs,

v.

DATATERN, INC.,

               Defendant.

Civil Action No. 1:11-cv-02648-KBF

**SAP AG AND SAP AMERICA, INC.'S AMENDED ANSWER TO DEFENDANT DATATERN, INC.'S COUNTERCLAIMS**

ECF Case

SAP AG and SAP America, Inc. (together, "SAP") hereby answer the counterclaims filed by defendant DataTern, Inc. ("DataTern") in its First Amended Answer and Counterclaims ("the Counterclaims") and assert affirmative defenses as follows:

Concerning the preliminary paragraph immediately following the heading "Conditional Counterclaims" in the Counterclaims, SAP responds as follows: SAP understands that all "conditions" contained within this paragraph have been met by, *inter alia*, the Court's Orders denying DataTern's Motion To Stay or Dismiss and denying DataTern's Motion for Reconsideration of the same. February 15, 2012 Order [#43]; April 23, 2012 Order [#65]. Thus, SAP understands that DataTern's counterclaims are now unqualified. SAP submits that DataTern's Counterclaims, which allege *inter alia* that SAP has indirectly infringed U.S. Patent

No. 5,937,402 (the "'402 patent") and U.S. Patent No. 6,101,502 (the "'502 patent"), demonstrate the existence of a substantial legal controversy between SAP and DataTern that is definite and concrete and sufficiently immediate and real, so as to satisfy the requirements for declaratory judgment jurisdiction and standing set forth in *MedImmune, Inc. v. Genentech, Inc.*, 594 U.S. 118 (2007) . Accordingly, SAP submits that DataTern's assertion of these "Conditional Counterclaims," in and of itself, defeats any motion to dismiss for lack of standing, lack of case or controversy, and/or failure to state a claim that DataTern may bring. Except as admitted above, the allegations of DataTern's preliminary paragraph are otherwise denied.

SAP responds to the correspondingly numbered paragraphs in DataTern's Counterclaims as follows:

1.    SAP admits only that DataTern is currently a Texas corporation and has an office in Manhattan. By way of further answer, SAP states that DataTern was originally incorporated in Delaware and that DataTern's Manhattan office is its principal place of business. SAP lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 1 of the Counterclaims and therefore denies them.

2.    Admitted.

3.    SAP admits that this court has subject matter jurisdiction over DataTern's counterclaims under 28 U.S.C. §§ 1331 and 1338. SAP lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 3 of the Counterclaims, including whether there is subject matter jurisdiction under 28 U.S.C. § 1332, and therefore denies them.

4.    SAP admits only that this Court has personal jurisdiction over it, that SAP has sued DataTern in this district, and that venue in this district is proper under 28 U.S.C. §§ 1391(c)

and 1400(b).   SAP denies the remaining allegations set forth in paragraph 4 of the Counterclaims.

5.      SAP admits only that DataTern purports to be the current owner of the '402 patent,  that the '402 patent states on its face that it is entitled "System for Enabling Access to a Relational Database from an Object Oriented Program," and that the '402 patent states on its face that it issued on August 10, 1999.  SAP lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 5 of the Counterclaims and therefore denies them.

6.      SAP admits only that DataTern purports to be the current owner of the '502 patent, that the '502 patent states on its face that it is entitled "Object Model Mapping and Runtime Engine for Employing Relational Database with Object Oriented Software," that the '502 patents states on its face that it issued on August 8, 2000, that the '502 patent was subjected to a reexamination in the USPTO, and that the '502 patent emerged from that reexamination with the patentability of its original claims confirmed and with twenty-six additional claims added, and that a reexamination certificate states on its face that it issued on November 10, 2009.  SAP lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 6 of the Counterclaims and therefore denies them.

7.      SAP admits only that the '402 and '502 patents purport to have natural expiration dates that have not yet been reached.  SAP denies that the '402 and '502 patents are valid or enforceable and therefore denies that the '402 and '502 patents are "in full force and effect." SAP denies the remaining allegations of paragraph 7 of the Counterclaims.

8.      SAP admits only that 35 U.S.C. § 282 states that a "patent shall be presumed valid" and that "[e]ach claim of a patent… shall be presumed valid independently of the validity of other claims."  SAP denies the remaining allegations of paragraph 8 of the Counterclaims.

9.      SAP admits only that it offers for sale and sells BusinessObjects software.  SAP denies that it originally developed BusinessObjects software.  SAP lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 9 of the Counterclaims and therefore denies them.

10.     Denied.

**ANSWER TO COUNT I:  INDIRECT INFRINGEMENT OF THE '402 PATENT**

11.     SAP reallages and incorporates its answers to paragraphs 1 to 10 of the Counterclaims as if fully set forth herein.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

**ANSWER TO COUNT II:  INDIRECT INFRINGEMENT OF THE '502 PATENT**

16.     SAP realleges and incorporates its answers to paragraphs 1 to 15 of the Counterclaims as if fully set forth herein.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

21.     SAP has not infringed, and does not infringe, directly or indirectly, any claim of the '402 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

22.     One or more claims of the '402 patent is invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

23.     DataTern is precluded by prosecution history estoppel from construing any of the claims of the '402 patent in such a way as to cover any of SAP's accused products or processes.

## FOURTH AFFIRMATIVE DEFENSE

24.     SAP has not infringed, and does not infringe, directly or indirectly, any claim of the '502 patent, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

25.     One or more claims of the '502 patent is invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SIXTH AFFIRMATIVE DEFENSE

26.     DataTern is precluded by prosecution history estoppel from construing any of the claims of the '502 patent in such a way as to cover any of SAP's accused products or processes.

## SEVENTH AFFIRMATIVE DEFENSE

27.     DataTern is not entitled to any alleged damages accruing prior to the filing of its Counterclaims due to laches and/or other applicable equitable doctrines.

## EIGHTH AFFIRMATIVE DEFENSE

28.     DataTern is precluded under 35 U.S.C. § 286 from seeking damages arising from any acts occurring more than six years prior to the filing of its Counterclaims.

## NINTH AFFIRMATIVE DEFENSE

29.     On information and belief, DataTern is not the legal owner of all right, title, and interest to either the '402 or '502 patent and therefore lacks standing to maintain its Counterclaims.

## TENTH AFFIRMATIVE DEFENSE

30.     On information and belief, DataTern lacks standing to bring its Counterclaims in its own name alone and/or joinder with additional parties is required for DataTern to maintain the Counterclaims.

## ELEVENTH AFFIRMATIVE DEFENSE

31.     On information and belief, any damages to which DataTern may be entitled are limited by reason of the doctrine of exhaustion.

## TWELFTH AFFIRMATIVE DEFENSE

32.     The claims of the '502 patent added during reexamination are unenforceable by reason of prosecution laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

33.     On information and belief, DataTern is precluded from seeking any recovery for alleged damages accruing prior to the filing of the Counterclaims because neither DataTern nor any licensee of the '402 or '502 patent complied with the Marking provisions of 35 U.S.C. § 287.

## FOURTEENTH AFFIRMATIVE DEFENSE

34.     On information and belief, DataTern is precluded from seeking any recovery for alleged damages based on (i) infringement by any customer of SAP or entity that has an express or implied license, including without limitation through DataTern's license with Oracle, to the

'402 and '502 patents; or (ii) any allegedly infringing system or method that is licensed, expressly or impliedly, under any of DataTern's licenses, including without limitation DataTern's license with Oracle.  DataTern is further precluded from seeking any recovery for alleged damages against the systems, methods, and entities that are covered by the covenants not to sue in its licenses, including without limitation DataTern's license with Oracle.

### REQUEST FOR RELIEF

WHEREFORE, SAP respectfully requests that this Court enter judgment in its favor and against DataTern as follows:

A.   Dismissing DataTern's Counterclaims in their entirety with prejudice, denying all of DataTern's requested relief with prejudice, and ordering that DataTern take nothing;

B.   Establishing and declaring that neither SAP nor its products infringes or has infringed under 35 U.S.C. § 271 (or any sub-section thereof) any claim of the '402 patent or the '502 patent;

C.   Establishing and declaring that the '402 patent and the '502 patent, and each of the claims therein, is invalid;

D.   Enjoining DataTern and all attorneys or other persons in active concert or participation with DataTern from directly or indirectly charging infringement, or instituting any further action for infringement, of the '402 patent or the '502 patent against SAP or any of its customers, licensees, distributors, users, or suppliers;

E.      Finding this case to be exceptional under 35 U.S.C. § 285 and awarding SAP its

costs and fees incurred in connection with this action, including reasonable

attorneys' fees and prejudgment interest thereon; and

F.      Granting such other and further relief as the Court deems just and proper.

Dated:  June 26, 2012                               Respectfully submitted,

                                                    /s/ Edward R. Reines
Aleksander J. Goranin (*pro hac vice*)              Edward R. Reines (*pro hac vice*)
Steven Rocci (*pro hac vice*)                       Evan N. Budaj (*pro hac vice*)
Daniel J. Goettle (*pro hac vice*)                  WEIL, GOTSHAL & MANGES LLP
Erich M. Falke (*pro hac vice*)                     201 Redwood Shores Parkway
WOODCOCK WASHBURN LLP                                Redwood Shores, CA 94065-1134
Cira Centre, 12th Floor                             Telephone: (650) 802 3000
2929 Arch Street                                    Facsimile: (650) 802 3100
Philadelphia, PA 19104
Tel. (215) 568-3100                                 Douglas McClellan (*pro hac vice*)
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    700 Louisiana, Suite 1600
                                                    Houston, TX 77002-2755
                                                    Telephone: (713) 546 5000
                                                    Facsimile: (713) 224 9511

                                                    Timothy E. DeMasi
                                                    WEIL, GOTSHAL & MANGES LLP
                                                    767 Fifth Avenue
                                                    New York, NY 10153
                                                    Telephone: (212) 310-8000
                                                    Facsimile: (212) 310-8007

                                                    **Attorneys for Plaintiffs-Counterclaim**
                                                    **Defendants**

                                                    *SAP AG and SAP America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2012, I caused a true and correct copy of the foregoing SAP AG AND SAP AMERICA, INC.'S AMENDED ANSWER TO DEFENDANT DATATERN INC.'S COUNTERCLAIMS to be served by means of Case Management/Electronic Case Filing (CM/ECF) on all counsel of record in this case.

Dated: June 26, 2012                    By:    */s/ Karen A. Gotelli*
                                                      Karen A. Gotelli