USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 8 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
SAP AG AND SAP AMERICA, INC.,         :
                                      :
                       Plaintiff,     :
                                      :     11 Civ. 2648 (KBF)
             -v-                      :
                                      :     ORDER
DATATERN, INC.                        :
                                      :
                       Defendant.     :
                                      :
------------------------------------- X

KATHERINE B. FORREST, District Judge:

  This Court has reviewed the parties' submissions regarding the motion for partial summary judgment, filed by plaintiffs SAP AG and SAP America, Inc. ("SAP") on April 6, 2012 (Dkt No. 66) and the motion to strike, filed by defendant DataTern, Inc. ("DataTern") on May 10, 2012 (Dkt No. 77). The motions were fully submitted on May 29, 2012. The Court assumes the parties' familiarity with the facts and procedural history of this case. For the reasons set forth below, the motion for partial summary judgment is GRANTED and the motion to strike is DENIED as moot.

  At base, these motions regard DataTern's failure to serve infringement contentions charting U.S. Patent No. 5,937,402 (the "'402 Patent") against SAP by March 23, 2012--the date clearly set forth in this Court's Order, dated March 16, 2012 (Dkt No. 54). The Court notes that the deadline for DataTern to serve its infringement contentions was initially March 16, 2012 (Dkt

No. 39) but, at the request of DataTern, the deadline was extended to March 23, 2012.

DataTern admits that it has not served infringement contentions with respect to the '402 patent, but argues that the only reason it has failed to do so is because SAP failed to timely provide it with the source code necessary to formulate those contentions.[1]  (Def.'s Br. at 2.)  This statement is made for the first time now, only in opposition to this motion. DataTern never previously requested discovery assistance from this Court related to the '402 patent that it now claims was crucial to meeting its disclosure obligations that passed months ago.

In its memorandum submitted in opposition to the motion for partial summary judgment, DataTern cites Section 1(f) of this Court's Procedures for Patent Cases for the rule that a party is permitted in this Court to amend its infringement contentions "upon a timely showing of good cause."  In fact, DataTern is not actually requesting leave to amend infringement contentions previously served in compliance with this Court's Order. Rather, it seeks to use this rule to avoid its obligations to have served infringement contentions regarding the '402 patent

---

[1] It appears DataTern refused to engage in discovery--in contravention of Judge Holwell's Order, dated July 22, 2011--pending the Court's disposition of their motion to dismiss or stay. (See Order, July 22, 2011 (Dkt No. 22); Oblak Decl. Ex. G.)  Thus, any delay in receiving discovery it believes is necessary to craft infringement contentions may be due, at least in part, to its own conduct.

2

at all. This distorts the rule. If DataTern's reading were correct, in multi-patent cases plaintiffs could use that rule to serve infringement contentions with regard to one patent and then later--whenever they chose perhaps--"amend" to assert contentions against other patents. This makes no sense. To be clear, this Court would not grant a requested leave to "amend" because such a request is unwarranted.

In addition to Section 1(f) of the Procedures for Patent Cases, parties must also abide by Section 1.E. of the Court's Individual Practices, which states "requests [for adjournments or extensions] must be received in Chambers at least 48 hours prior to the scheduled appearance or deadline." DataTern may have tried to grant itself an extension, but it needed leave of court for which it never applied.

This Court's rule in its Procedures for Patent Cases allowing parties to timely amend their infringement contentions based upon a showing of good cause, and others like it cited by DataTern (Def.'s Br. at 15-16), permits patentees who specify which claims are allegedly infringed to later amend those contentions (with leave of the Court) as necessitated by developments in the case. The rule is not intended for those parties who knowingly disregard a Scheduling Order with the intention of later requesting to amend their infringement contentions to wholesale add contentions related to one patent--

3

such a request would not be timely or made with good cause (and may, in truth, be an attempt to "game the system" in order to gain a tactical advantage that prejudices the other side).

Because DataTern may not amend its infringement contentions to include ones related to the '402 patent, the Court grants SAP's motion for summary judgment on their declaratory judgment claim for non-infringement of U.S. Patent No. 5,937,402 and dismisses DataTern's corresponding infringement counterclaim for damages on the same patent. The Court did not rely on any of those paragraphs or documents at issue in DataTern's motion to strike and that motion is accordingly dismissed as moot.

The Clerk of the Court is directed to terminate the motions at Docket Nos. 66 and 77.


SO ORDERED:

Dated:   New York, New York
         June 27, 2012

                                   _____
                                   KATHERINE B. FORREST
                                   United States District Judge