UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC.,<br><br>        Plaintiffs,<br><br>       v.<br><br>DATATERN, INC.,<br><br>        Defendant. | Case No. 1:11-cv-02648 KBF<br><br>(ECF CASE) |

**SAP'S OPPOSTION TO DATATERN, INC.'S REQUEST FOR
CLARIFICATION REGARDING THE COURT'S JUNE 27, 2012, ORDER**

I.      **INTRODUCTION**

DataTern's motion for clarification is actually a time-barred reconsideration motion regarding this Court's grant of summary judgment of non-infringement of the '402 Patent. Even if this Court were to reconsider the scope of its summary judgment grant, DataTern's attempt to escape judgment for claims it could have — but did not — properly preserve in this action fails. The motion should be denied.

II.     **THE COURT SHOULD NOT ALTER THE SCOPE OF ITS SUMMARY JUDGMENT RULING**

   A.   **DataTern's "Clarification" Motion Is A Time-Barred Request For Reconsideration In Violation Of Local Rule 6.3**

DataTern's "clarification" motion actually seeks reconsideration of the Court's June 28, 2012 summary judgment ruling and does so based on arguments it already presented to the Court. Local Rule 6.3 requires such a motion to be filed within 14 days. Thus, this motion is time-barred because it was filed on July 24, well after the July 12 deadline.

DataTern's clarification motion, in truth, asks this Court to reconsider the breadth of its summary judgment ruling. It argues that this Court did not have jurisdiction to adjudicate non-infringement for any products beyond BusinessObjects because this is a declaratory judgment action and the case or controversy is limited to BusinessObjects. *See* Memorandum of Law In Support of Its Request for Clarification of the Court's June 27, 2012, Order ("Motion for Clarification") (D.I. 121) at 8 ("[B]ecause DataTern did not provide infringement contentions under the '402 patent directed at BusinessObjects or any other activity of SAP unrelated to BusinessObjects, the Court would not have had subject matter jurisdiction to enter an Order finding that SAP does not infringe the '402 patent for its sale of other vendors' products.")

2

In its opposition to SAP's summary judgment motion, DataTern made the same arguments. DataTern argued pointedly and at length that any summary judgment grant should be narrowly limited to SAP's *declaratory judgment* claim and its BusinessObjects products — not SAP's sales of other products. *See* Opp'n Partial Summary J. (D.I. 87) at 17-19 ("[N]otwithstanding the breadth of SAP's request for partial summary judgment, even if the Court were otherwise inclined to enter judgment, its authority is limited to claims of infringement involving SAP's BusinessObjects products.").

DataTern's theory in opposition to this Court's summary judgment grant, like the argument on this motion, was that this Court did not have broader jurisdiction than SAP's BusinessObjects products because this is a declaratory judgment action limited to a case or controversy over BusinessObjects. This Court nevertheless broadly granted summary judgment on DataTern's counterclaim of non-infringement. Order (D.I. 102) at 4 ("Because DataTern may not amend its infringement contentions to include ones related to the '402 patent, the Court grants SAP's motion for summary judgment on their declaratory judgment claim for non-infringement of U.S. Patent No. 5,937,402 and dismisses DataTern's corresponding infringement counterclaim for damages on the same patent.").

As the above establishes, DataTern makes the very same argument now that it made during the summary judgment briefing. Indeed, DataTern acknowledges in its current motion that it made the same argument concerning the proper scope of this Court's summary judgment ruling in its original opposition to summary judgment:

> In DataTern's Opposition to SAP's Motion for Partial Summary Judgment, DataTern argued that even if the Court granted SAP's Motion, judgment should only enter with regard to the claims raised in SAP's declaratory judgment action, namely, its claims of noninfringement concerning its BusinessObjects platform. In particular, DataTern argued, "notwithstanding the breadth of SAP's request for partial summary

judgment, even if the Court were otherwise inclined to enter judgment, its authority is limited to claims of infringement involving SAP's BusinessObjects products."

Motion for Clarification at 5.

DataTern's repetitive argument renders this a reconsideration motion, which should be denied as time-barred.

### B. DataTern Has Not Even Attempted To Meet The Strict Substantive Standard For Reconsideration

DataTern has not even attempted to meet the strict substantive standard of Rule 6.3 to establish a right to reconsideration of a previously resolved motion. DataTern was required to explain why this Court should reconsider its ruling by identifying controlling authority that is violated by this Court's Order or data this Court overlooked. *See Garcia v. BAE Cleaners Inc.*, No. 10 CIV. 7804 (KBF), 2012 WL 98511 (S.D.N.Y. Jan. 11, 2012). Because DataTern denies that this is a reconsideration motion, it has not even attempted to meet the standard applicable to such motions. Instead it merely repeats arguments that it already made. This provides a second independent basis on which to deny the present motion.

### C. DataTern's Jurisdictional Argument Lacks Merit

Even if this Court were to reconsider its Summary Judgment Order, DataTern's motion should be denied. DataTern argues that there was no declaratory judgment jurisdiction over allegations of infringement by SAP beyond BusinessObjects. However, not only does this misunderstand the breadth of SAP's declaratory judgment allegations[1], it also ignores that

---

[1] The complaint in this action was *not* limited to only SAP's BusinessObject products. (D.I. 1) at ¶ 1 ("SAP's BusinessObjects [] does not infringe the '402 or '502 patents, nor has SAP infringed

4

DataTern filed a very broad infringement *counterclaim* against SAP that was not limited to any particular product.  Indeed, DataTern specifically alleged that SAP's software sales were infringing activity and alleged that the "Accused Products include, *inter alia*, BusinessObjects." DT Counterclaim ¶ 9 (emphasis in original).  Now DataTern explicitly states that it believes that SAP's alleged sales activity in relation to Microsoft products may infringe.  Specifically, DataTern contends that the summary judgment order should not "resolve the issue of whether SAP, as a customer of Microsoft, engages in infringement under the '402 patent for its sale of Microsoft products."  Motion for Clarification at 9.

The Second Circuit recently made clear that the scope of a judgment is not limited to the scope of the allegations of the declaratory judgment claim where there are counterclaims brought in response to such claims that also define the scope of the action.  *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 600 F.3d 190, 196 (2d Cir. 2010).

Just as it did on summary judgment, DataTern relies centrally on *Streck, Inc. v. Research & Diagnostic Sys, Inc.*, 665 F.3d 1269, 1281 (Fed. Cir. 2012).  DataTern argues that *Streck* somehow stands for the proposition that a patentee can unilaterally narrow a case through its contentions such that whatever claims are not included in the infringement contentions are effectively dismissed *without* prejudice.  Motion for Clarification at 8 ("[B]ecause DataTern did not provide infringement contentions under the '402 patent directed at BusinessObjects or any other activity of SAP unrelated to BusinessObjects, the Court would not have had subject matter jurisdiction to enter an Order finding that SAP does not infringe the '402 patent for its sale of other vendors' products.").

---

[] the '402 or '502 patents.") (emphasis added), ¶ 44 ("Neither SAP nor its products have infringed [] the '402 patent.") (emphasis added).

But *Streck* is much more limited because it specifically acknowledges that jurisdiction is a fact-specific analysis based on all circumstances. *Streck,* 665 F.3d at 1282 ("After *MedImmune*, courts must look at 'all the circumstances' to determine whether a declaratory judgment plaintiff has shown a case or controversy between the parties."). And the specific circumstances in *Streck* show how inapplicable that case is to this one. In *Streck*, *both* parties treated the dispute as limited to the asserted claims identified by the patentee. The Court made clear that this this bilateral narrowing of the case through both side's contentions was critical to its analysis: "both parties were on notice from the start of the litigation that the scope of the claims at issue was only a subset of the full patents-in-suit and, significantly, did not include Claim 3 of any patent." *Id* at 1284. Against this background, the district court's refusal to adjudicate the validity of unasserted Claim 3 is unexceptional. The Federal Circuit's affirmance is, for this same reason, unexceptional.

The *Streck* court contrasted *Scanner Techs. Corp. v. ICOS Vision Sys Corp.*, 528 F.3d 1365, 1382-83 (Fed. Cir. 2008). There, the parties never affirmatively narrowed the case and the original pleadings broadly defined the dispute. *Streck*, 665 F.3d at 1283. The Federal Circuit thus found jurisdiction over all claims based on the broad pleadings.

Applying these principles to this case is straightforward. The broad pleadings in this case, which explicitly extend beyond BusinessObjects, define the scope of the summary judgment grant. The parties did not *mutually* limit those pleadings in any way. On the other hand, DataTern's analysis would suggest that this Court's entire summary judgment ruling was improper. Using its illogic, this Court lost jurisdiction over DataTern's infringement claims based on the '402 Patent altogether, because it failed to include any claims of its '402 Patent in its infringement contentions, and the entire summary judgment order would thus be in question.

That proves far too much, and even DataTern does not make such an extravagant argument. If unilateral actions by a plaintiff in infringement contentions could serve as a dismissal without prejudice, that would violate the express terms of FRCP 41 which limits when claims can be unilaterally dismissed. What matters most is that DataTern did not limit its counterclaim to SAP's sales of BusinessObjects, expressly *including* others. The judgment applies to the claims as pled by DataTern.

### D. Insofar As DataTern Seeks An Advisory Opinion On How Claim Preclusion Would Apply In Future Cases, That Is Not Ripe

DataTern's motion also attempts to debate the potential future effect of this Court's summary judgment order. Motion for Clarification at 1 ("Absent this clarification, SAP may seek to use the Court's Order to allow it to engage in infringing activity which was never the subject of this action, much less any merits-based decision by the Court."). Such an advisory opinion is not ripe. *See Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011) ("[A] court does not usually get to dictate to other courts the preclusion consequences of its own judgment. Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court ….") (internal quotation marks omitted).

### III. CONCLUSION

For the foregoing reasons, DataTern's Motion for Clarification should be denied.

Dated: August 10, 2012                                   Respectfully submitted,

                                                         /s/ Edward R. Reines
Aleksander J. Goranin (*pro hac vice*)                   Edward R. Reines (*pro hac vice*)
Steven Rocci (*pro hac vice*)                            Andrew L. Perito (*pro hac vice*)
Daniel J. Goettle (*pro hac vice*)                       Evan N. Budaj (*pro hac vice*)
Erich M. Falke (*pro hac vice*)                          WEIL, GOTSHAL & MANGES LLP
WOODCOCK WASHBURN LLP                                    201 Redwood Shores Parkway

Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 568-3100

Redwood Shores, CA 94065-1134
Telephone: (650) 802 3000
Facsimile: (650) 802 3100

Douglas McClellan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002-2755
Telephone: (713) 546 5000
Facsimile: (713) 224 9511

Timothy E. DeMasi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

***Attorneys for Plaintiffs-Counterclaim Defendants***
SAP AG and SAP America, Inc.