UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | Case No. 1:11-cv-02648 KBF <br><br> (ECF CASE) |
| MICROSOFT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | Case No. 1:11-cv-02365 KBF <br><br> (ECF CASE) |

**PLAINTIFFS' RESPONSE TO DATATERN'S REQUEST FOR ENTRY
OF DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND FOR
<u>DISMISSAL WITHOUT PREJUDICE OF PLAINTIFFS' INVALIDITY CLAIMS</u>**

I.    **INTRODUCTION**

On September 17, 2012, via endorsement, the Court Ordered [D.I. 157] this case resolved according to the schedule and procedure proposed by SAP AG and SAP America, Inc. ("SAP") and Microsoft Corporation ("Microsoft") (collectively, "Plaintiffs").[1]  That schedule includes a deposition of DataTern, Inc.'s ("DataTern's") expert, followed by a summary judgment motion brought by Plaintiffs.  DataTern opposed Plaintiffs' proposal and submitted a counter-proposal.  *See* DataTern's letter to the Court, September 7, 2012 (attached hereto as Exhibit B); DataTern's letter to the Court, September 10, 2012 (attached hereto as Exhibit C).[2]

The Court's September 17 Order adopting Plaintiffs' schedule essentially rejects DataTern's counterproposal and would appear inconsistent with DataTern's Request for Entry of Declaratory Judgment Of Non-Infringement and for Dismissal Without Prejudice of Plaintiffs' Invalidity Claims (the "Request") [D.I. 153/154].

Nevertheless, because the Request has not been formally denied and because DataTern refused to withdraw its request, Plaintiffs submit a response.  When Plaintiffs asked DataTern to withdraw its Request in view of the Court's September 17 Order, it would only agree to consider withdrawing the Request if it were given a draft of this opposition and if Plaintiffs specified the precise grounds for their summary judgment motion today — before the deposition of DataTern's infringement expert and long before the time for filing that motion.

DataTern's Request should be denied for two independent reasons.  First, DataTern fails to identify any cognizable authority for its proposed procedural maneuver.  If anything,

---

[1] An unendorsed copy of Plaintiffs' letter dated September 7, 2012 is attached as Exhibit A.

[2] A copy of Plaintiffs' letter dated September 11, 2012, delivered in response to DataTern's September 10 letter, is attached as Exhibit D.

DataTern's Request is some kind of irregular motion for summary judgment against itself, but DataTern cites no authority supporting such a request. Second, DataTern's Request, if granted, would create an overly-thin and cryptic record for appeal. In a transparent effort to optimize its reversal chances, DataTern *never* specifies which precise requirements of the patent claims are unsatisfied, much less why. The Federal Circuit has repeatedly criticized this kind of district court record. Plaintiffs thus oppose DataTern's Request.

II.     **THE COURT SHOULD DENY DATATERN'S REQUEST AS PROCEDURALLY UNAUTHORIZED**

To the extent the Court has not already decided the matter, DataTern's Request should be denied because it has failed to identify any cognizable authority to support it. DataTern's request is ostensibly made pursuant to 28 U.S.C. § 2201. Request at 2. But § 2201, entitled "Creation of remedy," provides for a *cause of action* that allows the judiciary to issue a declaration of rights in appropriate circumstances. It does not provide any procedural mechanism for *how* or *when* a declaratory judgment is properly entered in a particular case.

DataTern has not identified even one case where § 2201 has been treated as a free-standing procedural mechanism authorizing entry of judgment independent of the Federal Rules of Civil Procedure. This absence of precedent makes sense because the Federal Rules of Civil Procedure, not the Declaratory Judgment Act, "govern the procedure in all civil actions" as set forth in FRCP 1.

In addition, DataTern did not plead a declaratory judgment claim in this case. It is Plaintiffs that have done so. DataTern's anomalous attempt to invoke § 2201 to support its Request, when it has not asserted such a claim, provides another reason for rejecting DataTern's Request.

3

Summary judgment under FRCP 56 is the closest procedural vehicle for what DataTern is apparently attempting to accomplish. However, DataTern has not invoked this rule, instead labeling its filing a "request," as compared to a "motion." Indeed, DataTern's styling of this filing as a request is inconsistent with the SDNY Civil Local Rules, which do not authorize a "request" as opposed to a motion.

Perhaps most importantly, allowing DataTern, the losing party in claim construction proceeding, to select the grounds for summary judgment — instead of the prevailing parties — would be a misuse of the summary judgment procedure.

### III. DATATERN'S REQUEST SHOULD BE DENIED BECAUSE IT WOULD NOT CREATE AN APPROPRIATE RECORD FOR APPEAL

As noted above, to the extent the Court has not already resolved this issue, it should deny DataTern's Request because of the inadequate record for appeal that would result if the Request were granted. DataTern confirms in its Request that it is determined to appeal this Court's Claim Construction Order [D.I. 151] as soon as it can. Request at 3. Accordingly, careful attention must be paid to the adequacy of the record that will be provided to the Federal Circuit.

The Federal Circuit has sharply criticized judgments based on claim construction rulings where the judgment does not specify the particular claim limitations, as construed, that are missing in the accused products and does not explain why they are unsatisfied. In *MIT v. Abacus Software*, 462 F.3d 1344 (Fed. Cir. 2006), for example, the Federal Circuit observed that the appealed stipulated judgment "does not identify which of the many claim construction rulings are dispositive," and explained that such a record is "highly undesirable." *Id.* at 1351. The Federal Circuit also criticized the absence of a comparison of particular claim requirements with the accused products that would permit full appellate review. *Id.* at 1350.

4

Similarly, in *Toshiba Corp. v. Juniper Networks, Inc.*, 248 Fed.Appx. 170, 172 (Fed.Cir.2007), the Federal Circuit also expressed its concerns about thin judgments based on claim constructions:

> Toshiba's stipulation of noninfringement in this case provided no facts regarding how the district court's construction affects the infringement analysis. This court has criticized trial courts for not providing facts in the record that would assist our ability to determine whether a particular claim term plays a determinative role in infringement or invalidity.

*Id.* (citations omitted).

DataTern addressed *Toshiba* in its September 10, 2012 letter to the Court [Exhibit C], albeit incorrectly. It is important to note that DataTern misquoted *Toshiba* by removing the word "term" in the following phrase "whether a particular claim *term* plays a determinative role in infringement or invalidity." *Id.* (emphasis added). But it is not enough for the Federal Circuit to know which *claims* are determinative. It must be clear to the Federal Circuit which particular claim *terms* are determinative and that is exactly what the *Toshiba* decision states.

In *Zamora Radio, LLC v. Last.fm, Ltd.*, 758 F.Supp.2d 1273 (S.D. Fla., November 5, 2010), the district court was in a position identical to this Court. It was faced with a summary judgment motion by the losing party in the claim construction proceedings, while the prevailing party wanted to file a summary judgment motion on multiple grounds to provide a fulsome record for appeal. The district court explained in detail why it would *not* allow the losing party to file summary judgment against itself:

> Plaintiff is technically correct that an entry of a consent judgment of non-infringement based on only one claim limitation produces an appealable "final" order that grants the Federal Circuit appellate jurisdiction. *See, e.g., Mass. Inst. of Tech. v. Abacus Software*, 462 F.3d 1344, 1350-51 (Fed.Cir.2006) (Federal Circuit has jurisdiction to review parties' stipulated entry of final judgment of non-infringement). Here, however, contrary to Plaintiff's assertion, Defendants have not consented to an entry of a judgment that rests only on one claim limitation. Instead, Defendants seek to obtain summary judgment of non-

5

infringement on additional grounds. **Absent an agreement with Defendants, Plaintiff does not get to pick and choose the grounds on which final judgment of non-infringement will rest on.** Instead, we agree with Defendants that the appeal of this Court's final judgment should proceed on a fully developed record after consideration of all non-infringement grounds in a properly supported motion for summary judgment.

Furthermore, the Federal Circuit has "criticized trial courts for not providing facts in the record that would assist [appellate court's] ability to determine whether a particular claim term plays a determinative role in infringement or invalidity." *Toshiba Corp. v. Juniper Networks, Inc.*, 248 Fed.Appx. 170, 172 (Fed.Cir.2007) ("Toshiba's stipulation of non-infringement in this case provided no facts regarding how the district court's construction affects the infringement analysis"); *Mass. Inst. of Tech.*, 462 F.3d at 1350-51 (describing an appeal based on bare stipulated concession of non-infringement to be "highly undesirable").

*Id.* at 1280-81 (emphasis added).

Here, DataTern did not specify the particular grounds for the judgment, nor are such grounds "painstakingly codified" in DataTern expert Neeraj Gupta's report, as DataTern claims. Request at 3. Its Request does not adequately identify the particular claim requirements that are unmet. The gist of DataTern's position is that Mr. Gupta's expert report on non-infringement specifies the non-infringement grounds and provides necessary context. This is untrue. For example, for SAP's accused product family (BusinessObjects), the sum total of Gupta's analysis under the Court's claim construction order is a single conclusory sentence:

> VII.F.6. IMPACT OF THE COURT'S MARKMAN OPINION AND ORDER ON CONCLUSIONS RELATED TO BUSINESSOBJECTS XI AND THE '502 PATENT
> \*\*\*
> I revisited the conclusions in view of the Court's Markman Opinion and Order, dated August 24, 2012, and now conclude that the operation of Entity Framework in Visual Studio [sic, BusinessObjects] does not meet all of the limitations of claims 1, 2, 7, 19, or 25 because of the combination of the Court's constructions of "object model," "to create at least one interface object," and "runtime engine."

Gupta Report, Paragraph 526.[3]

---

[3] The vast majority of the Gupta report addresses DataTern's claim constructions rejected by the Court and precious little even acknowledges the constructions adopted by the Court.

The superficial nature of DataTern's statement of the grounds for non-infringement is epitomized by its cut-and-paste error in failing to replace Microsoft's Visual Studio with the SAP product, BusinessObjects. It is hard to be more careless than to name the wrong company's product in such a key passage. In any event, DataTern's superficial statement provides no particular grounds and instead is a thinly-veiled attempt to leave itself options should only one of the Court's constructions be reversed.

In sum, DataTern's Request and the Gupta report on which it depends raise more questions than they answer. They do not clearly specify the non-infringement grounds. They do not explain why any of the claim limitations, as construed, are unsatisfied. And they do not make clear what changes to the constructions would constitute reversible error. They also do not include all grounds for non-infringement so that the Federal Circuit can consider all dispositive issues at once, avoiding the potential for piecemeal appeals.

IV. **DATATERN'S CITED CASELAW IS INAPPOSITE TO THE MATTER AT ISSUE**

DataTern cites a number of cases that purportedly stand for the proposition that the Court has discretion to dismiss Plaintiffs' claim of invalidity as moot if it finds no infringement.[4] As stated in Plaintiffs' letters, these citations are irrelevant distractions that confirm DataTern has no supporting precedent for the relief it seeks. The caselaw DataTern cites and the position for which DataTern asserts it stands are inapposite to the matter now before the court. Both parties

---

[4] *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003); *Dolby Laboratories, Inc. v. Lucent Technologies, Inc.*, 2005 WL 2171921 (N.D. Cal. 2005); *Liquidnet Holdings, Inc. v. Pulse Trading, Inc.*, 2011 U.S. Dist. LEXIS 67920 (S.D.N.Y. June 22, 2011), *aff'd*, 2012 U.S. App. LEXIS 15051 (Fed. Cir., July 23, 2012).

here *agree* that the Court should find all claims other than infringement moot following DataTern's concession that it cannot prove infringement.

The question now before the court — to the extent that question has not already been answered by the Court's September 17 Order [D.I. 157] — is on what grounds, with what record, and under which procedural device the Court's final judgment on <u>infringement</u> should be entered.

DataTern also includes a string cite of cases to support the idea that the Federal Circuit will review stipulated consent judgments. Request at 5, fn 3. Those cases are inapposite altogether because Plaintiffs most certainly do *not* consent to judgment on the basis proposed by DataTern. The Request seeks a coerced, not consensual, judgment. Moreover, the fact that the Federal Circuit might tolerate a consent judgment forming a thin record does not negate its repeatedly expressed view that a record such as that proposed by DataTern here is "highly undesirable." *Mass. Inst. of Tech.*, 462 F.3d at 1351.

## V.    CONCLUSION

For the foregoing reasons, and to the extent that the Court has not already effectively denied DataTern's Request by its September 17, 2012 Order [D.I. 157], the Request should be denied.

Dated:  September 18, 2012                                 Respectfully submitted,

/s/ Daniel J. Goettle (by permission)                      /s/ Edward R. Reines
Aleksander J. Goranin (*pro hac vice*)                     Edward R. Reines (*pro hac vice*)
Steven Rocci (*pro hac vice*)                              Andrew L. Perito (*pro hac vice*)
Daniel J. Goettle (*pro hac vice*)                         Evan N. Budaj (*pro hac vice*)
Erich M. Falke (*pro hac vice*)                            **WEIL, GOTSHAL & MANGES LLP**
**WOODCOCK WASHBURN LLP**                                  201 Redwood Shores Parkway
Cira Centre, 12th Floor                                    Redwood Shores, CA 94065-1134
2929 Arch Street                                           Telephone: (650) 802 3000
Philadelphia, PA 19104                                     Facsimile: (650) 802 3100
Tel. (215) 568-3100

*Attorneys for Plaintiffs-Counterclaim Defendants*
Microsoft Corporation, SAP AG, and SAP America, Inc.

Danielle L. Rose
Michael S. Kim
Megha Charalambides
**KOBRE & KIM LLP**
800 Third Avenue
New York, NY 10022
Tel. (212) 488-1200

*Attorneys for Plaintiffs-Counterclaim Defendants*
Microsoft Corporation

Douglas McClellan (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
700 Louisiana, Suite 1600
Houston, TX 77002-2755
Telephone: (713) 546 5000
Facsimile: (713) 224 9511

Timothy E. DeMasi
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Plaintiffs-Counterclaim Defendants*
SAP AG and SAP America, Inc.

9