UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., <br><br>   Plaintiff, <br><br>  v. <br><br>DATATERN, INC., <br><br>   Defendant. | Case No. 1:11-cv-02648 KBF <br><br> ECF CASE |

**DECLARATION OF LISA S. BUCCINO IN SUPPORT OF
SAP AG AND SAP AMERICA, INC.'S MOTION TO ENJOIN DATATERN'S
ASSERTION OF INFRINGEMENT OF U.S. PATENT NOS. 5,937,402 AND 6,101,502
BASED ON THE USE OF SAP'S BUSINESSOBJECTS PRODUCTS**

I, Lisa S. Buccino, hereby declare as follows:

  1. I am Senior Intellectual Property Counsel in the Global Litigation Group at SAP AG and have held this position since 2008. I submit this declaration based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

  2. I am responsible for managing SAP AG's and SAP America, Inc.'s ("SAP") current patent infringement litigation with DataTern, Inc. ("DataTern") pending in this court as civil action no. 1:11-cv-02648. I have had that responsibility since this suit was first filed on April 18, 2011.

  3. Part of my responsibilities in supervising this litigation include communicating with counsel for customers or users of SAP's BusinessObjects software ("SAP Customers") who were sued by DataTern in the U.S. District Court for the Eastern District of Texas, Marshall Division (the "Texas Court") and have made requests for indemnity and/or defense based on the patent infringement claims DataTern has asserted against them. I understand that three of those suits

are still currently pending in the Texas Court: (1) *DataTern, Inc. v. Staples, Inc. et al.*, 2:10-cv-00133-MHS-CMC (the "*Staples*" action); (2) *DataTern, Inc. v. Eli Lilly and Company et al.*, 2:10-cv-00413-MHS-CMC (the "*Eli Lilly*" action); and (3) *DataTern, Inc. v. Abbott Laboratories*, 2:11-cv-00203-MHS-CMC (the "*Abbott*" action) (collectively, the "Customer Suits").

4. Last year, on August 15, 2011, in connection with SAP's brief opposing DataTern's motion to stay or dismiss this Southern District of New York case for alleged lack of subject-matter jurisdiction, I submitted a declaration identifying correspondence I received, or was forwarded to me by the initial recipients, from seven separate SAP Customers who were sued by DataTern in either the *Staples*, *Eli Lilly*, or *Abbott* actions and who sent letters to SAP requesting defense and/or indemnity in those actions. *See* D.I. 25.

5. For example, Exhibit A to this declaration is a true and correct copy of a letter (without enclosures) received from Volkswagen Aktiengesellschaft and Volkswagen Group of America ("Volkswagen"), on or about January 19, 2011. I previously submitted this letter in this case as part of Exhibit D to my August 15, 2011 declaration. I understand that Volkswagen remains a current, non-dismissed defendant in the *Eli Lilly* action pending in the Texas Court.

6. Exhibit B to this declaration is a true and correct copy of a letter (without enclosures) received from Sears Holdings Corp. and Sears, Roebuck and Co. ("Sears"), on or about June 28, 2011. I previously submitted this letter in this case as part of Exhibit J to my August 15, 2011 declaration. I understand that Sears remains a current, non-dismissed defendant in the *Staples* action pending in the Texas Court.

7. Since the time of my initial August 15, 2011 declaration, on or about September 30, 2011, I received a letter from Staples, Inc. ("Staples"), a named defendant in the *Staples*

action pending in the Texas Court, seeking indemnification and/or defense from SAP based on DataTern's patent infringement allegations in the *Staples* action. Exhibit C to this declaration is a true and correct copy of that letter (without enclosures) from Staples. I understand that Staples remains a current, non-dismissed defendant in the *Staples* action.

8. Since the time of my initial August 15, 2011 declaration, on or about February 10, 2012, I received a letter from AT&T, Inc. and AT&T Services, Inc. (collectively, "AT&T"), a named defendant in the *Eli Lilly* action pending in the Texas Court, seeking indemnification and/or defense from SAP based on DataTern's patent infringement allegations in the *Eli Lilly* action. Exhibit D to this declaration is a true and correct copy of that letter (without enclosures) from AT&T. I understand that AT&T remains a current, non-dismissed defendant in the *Eli Lilly* action.

9. Since the time of my initial August 15, 2011 declaration, on or about February 16, 2012, I received a letter from Iron Mountain Incorporated ("Iron Mountain"), a named defendant in the *Eli Lilly* action pending in the Texas Court, seeking indemnification and/or defense from SAP based on DataTern's patent infringement allegations in the *Eli Lilly* action. Exhibit E to this declaration is a true and correct copy of that letter (without enclosures) from Iron Mountain. I understand that Iron Mountain remains a current, non-dismissed defendant in the *Eli Lilly* action.

10. Since the time of my initial August 15, 2011 declaration, on or about March 7, 2012, I received a letter from American Family Life Assurance Company of Columbus ("Aflac"), a named defendant in the *Eli Lilly* action pending in the Texas Court, seeking indemnification and/or defense from SAP based on DataTern's patent infringement allegations in the *Eli Lilly* action. Exhibit F to this declaration is a true and correct copy of that letter (without

enclosures) from Aflac. I understand that Aflac remains a current, non-dismissed defendant in the *Eli Lilly* action.

11. Since the time of my initial August 15, 2011 declaration, on or about May 25, 2012 and again on October 26, 2012, I received correspondence from Walgreen Co. ("Walgreens"), a named defendant in the *Eli Lilly* action pending in the Texas Court, seeking indemnification and/or defense from SAP based on DataTern's patent infringement allegations in the *Eli Lilly* action. Exhibit G to this declaration is a true and correct copy of the May 25, 2012 letter (without enclosures) from Walgreens. I understand that Walgreens remains a current, non-dismissed defendant in the *Eli Lilly* action.

12. I understand that on November 20, 2012, the Texas Court denied the request of SAP Customer defendants in the *Staples* action, such as Staples and Sears, and SAP Customer defendants in the *Eli Lilly* action, such as AT&T, Aflac, Iron Mountain, Volkswagen and Walgreens, to renew the stay of proceedings in those actions in light of this Court's August 24, 2012 claim construction ruling. *See Staples* D.I. 213; *Eli Lilly* D.I. 221.

13. Based on the Texas Court's refusal to renew the stay in the Customer Suits, an SAP Customer that is accused of infringement by DataTern solely based on its use of SAP's BusinessObjects contacted me on November 29, 2012. The SAP Customer related that DataTern has offered to settle for a five-figure amount (less than $100,000). The SAP Customer also requested that SAP reimburse the SAP Customer for both its defense costs and the five-figure settlement payment.

I declare under penalty of perjury the foregoing is true and correct. Executed on this 3rd day of December, 2012.

_____
Lisa S. Buccino

4