*Scott J. Nathan, Esq.*
200 Homer Avenue
Ashland, MA  01721
(508) 881-0060
(508) 881-0061 (fax)

December 4, 2012





**BY FEDEX**

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re: SAP AG and SAP America, Inc. v. DataTern, Inc., No. 11-cv-2648-KBF

Dear Judge Forrest:

    I am co-counsel for DataTern, Inc. and write to inform the Court that DataTern opposes plaintiffs SAP AG and SAP America, Inc.'s ("SAP") so-called Motion to Enjoin DataTern's Assertion of Infringement of U.S. Patent Nos. 5,937,402 and 6,101,502 Based on the Use of SAP's BusinessObjects Products ("Motion") and requests the time permitted by the Federal Rules of Civil Procedure and the Local Rules to respond.  SAP's Motion presents no emergency calling for expedited treatment or immediate relief.  In addition, DataTern's co-counsel has a conflict and can't participate in responding to the Motion.  Therefore at least a normal response time is necessary.

    Effectively SAP seeks to have this Court countermand the rulings of the United States District Court for the Eastern District of Texas (the "Texas District Court") by attempting to prevent litigation that that Court has ordered to proceed.  With a limited opportunity to review the documents filed by SAP last night it is clear that there are numerous reasons, based on the facts and the law, for denying SAP's Motion.  These reasons include but are not limited to:

    1.    **Failure to Satisfy the Requirements for an Injunction.**  Despite repeated requests by DataTern prior to the filing of SAP's Motion, SAP has failed to provide to DataTern or offer to the Court any evidence that would satisfy the requirements for issuing injunctive relief.  Among other things SAP offers no evidence of any irreparable harm that it might suffer; indeed, the only basis for requesting relief is that a single unnamed SAP customer in Texas has requested reimbursement of possible

Hon. Katherine B. Forrest
December 4, 2012
Page Two

defense costs and settlement proceeds should it settle its case with DataTern.[1] In place of evidence of irreparable harm SAP appears to offer authority for the proposition that the Court may issue an injunction to protect customers of a manufacturer that prevails in an infringement suit. As the Court knows, no final judgment has been entered in this case.

2. **Comity.** SAP chose to file this case in the Southern District of New York rather than the Eastern District of Texas, where the lawsuits involving SAP's customers were already pending. As a result of SAP's successful opposition to DataTern's request for a stay in this case, the Texas District Court issued a stay of all cases filed by DataTern there. By order of the Texas District Court, that stay expired on August 12, 2012. By further order of the Texas District Court on November 20, 2012, the request by SAP's customers to renew the stay was rejected *even though the Texas District Court was expressly aware of DataTern's concession of non-infringement under this Court's claims construction ruling and DataTern's assertion that the cases could go forward on the basis of claims other than those related to the use of SAP's BusinessObjects.* The decision by the Texas District Court expressly permitting litigation of all claims and all products is entitled to comity.

3. **No Final Judgment, Therefore No Basis for Injunction.** SAP is asking this Court to use its claims construction ruling as an axe, cutting off DataTern's right to litigate its claims in Texas to the extent DataTern is permitted to do so there. The law does not support this approach. *See Cybor Corp. v. FAS Techs, Inc.,* 138 F.3d 1448, 14799 (Fed.Cir. 1998)(en banc)(Newman, J., additional views)(claim construction ruling interlocutory and not subject to appeal); *Phonometrics v. N. Telecom,* 133 F.3d 1459, 1464 (Fed. Cir. 1998)(claim construction ruling has no preclusive effect). Unless and until the Federal Circuit Court of Appeals rules on any final judgment emanating from this Court, the rulings concerning claims construction lack collateral or preclusive effect. Consequently there is no foundation for this Court to effectively prevent DataTern from asserting its rights elsewhere.

4. **No Factual Basis for Imminent Harm or Immediate Relief.** The apparent basis for SAP's Motion, receipt of a request from an unnamed customer that SAP reimburse the customer's defense fees and settlement costs associated with a settlement in Texas, is not new information.[2] While the unnamed customer may have

---

[1] SAP offers one sentence in its Memorandum of Law suggesting that it is at risk of losing the goodwill of its customers if injunctive relief is denied. SAP offers no evidence, admissible or otherwise, that its goodwill is at risk.

[2] It is worth noting here that paragraph 13 of the Declaration of Lisa Buccino describes the unnamed customer contact as having first occurred on November 29, 2012. The first communication from Ed Reines, counsel for SAP, to William Zucker, counsel for DataTern, demanding an injunction was

Hon. Katherine B. Forrest
December 4, 2012
Page Three

only recently contacted SAP, various parties in the Texas litigation have been engaged in settlement discussions on and off for a long time, including the past three months. Those parties, almost all sophisticated publicly traded companies, presumably have been aware of the arguments tendered in the Texas litigation regarding the removal and renewal of the stay in that litigation, which arguments have included references to DataTern's statements concerning BusinessObjects. Nevertheless, these parties have voluntarily engaged in settlement discussions with DataTern. SAP should not be permitted to interfere with these arms length discussions.

5. **SAP Lacks Standing in Texas.** SAP is not a party in the Texas cases by its own choice. Nevertheless, SAP is attempting to impact the process and the outcome in those cases by asking this Court to prevent DataTern from asserting rights that the Texas Court has permitted DataTern to pursue. SAP should not be given de facto standing by this Court by granting SAP's Motion.

6. **Claims In Texas Involving BusinessObjects May Concern Independent Infringement.** As SAP knows, discovery in the Texas cases is far from completed and the deadline for serving final infringement contentions has not arrived. As DataTern has stated in other pleadings, it believes that one or more of SAP's customers create infringing products in connection with their use of BusinessObjects. For these reasons, among others, DataTern contends that SAP's reliance on *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990)(injunction denied where claims in concurrent actions differ) is misplaced. While SAP faults DataTern for failing to assert the details of such claims, SAP's opposition to the stay in this case, which led to the stay in the Texas cases, made it difficult for DataTern to do as SAP now demands. The resumption of litigation in Texas will enable DataTern to engage in the discovery that will allow it to do as SAP demands.

On the basis of the foregoing DataTern requests that the Court deny SAP's request for expedited briefing, permitting DataTern to adequately and properly oppose what is currently a meritless, unsupported effort to alter the outcome in the Texas litigation.

*[Handwritten annotation: k by 12/13/12]*

*[Handwritten: Ordered — DataTern should file a short response and be prepared to adjoin the motion at the hearing on 12/14/12. K.B. Forrest]*

Respectfully submitted,

Scott L. Nathan

*[Handwritten date: 12/12/12]*

Cc: All Counsel of Record (via email)
   *[Handwritten: USDJ]*

---

Wednesday, November 28, 2012, the date on which DataTern's opposition to SAP's and Microsoft's Motions for Summary Judgment were due.