IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAP AG and SAP AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DATATERN, INC., <br><br> Defendant. | Civil Case No.: 11-cv-02648-KBF <br><br> ECF Case |

**DECLARATION OF TIMOTHY J. HALLER IN SUPPORT OF
OPPOSITION TO SAP AG AND SAP AMERICA, INC.'S MOTION TO ENJOIN
DATATERN'S ASSERTION OF INFRINGEMENT OF U.S. PATENT NOS. 5,937,402
AND 6,101,502 BASED ON THE USE OF SAP'S BUSINESS OBJECTS PRODUCTS**

I, Timothy J. Haller, hereby declare:

1. I am an attorney with the law firm of Niro, Haller & Niro, Ltd, 181 West Madison Street, Suite 4600, Chicago, IL 60602, former counsel of record for DataTern, Inc. ("DataTern") in the above-captioned matter. I am also former counsel of record for DataTern in certain patent infringement cases filed in the United States District Court for the Eastern District of Texas against customers of Microsoft Corporation and SAP AG (the "Texas Customer Actions") referred to and cited in SAP's Motion to Enjoin DataTern's Assertion of Infringement of U.S. Patent Nos. 5,937,402 and 6,101,502 Based on the Use of SAP's BusinessObjects Products (the "Motion"). I submit this declaration based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

2. Since approximately October 1, 2012, I have been authorized by DataTern to contact defendants in the pending Texas Customer Actions to explore the possibility of

settlement. As a result of that authorization I have communicated with Texas defendants through their outside counsel of record. The existence and content of those communications were understood by me and, I thought, by counsel for the Texas defendants, to be confidential.

3. In anticipation of these discussions my office prepared infringement claim charts directed at each of the Texas defendants. Each of these infringement claim charts applied the rulings by this Court in its Markman Opinion and Order dated August 24, 2012 *to Microsoft products only*. These infringement claim charts were silent regarding SAP's BusinessObjects products.

4. I have reviewed the Motion. The Motion, relying solely on the affidavit testimony of Lisa Buccino that in turn relies on the out of court statement of an unnamed third party, contends that an unnamed SAP customer "sought payment from SAP for a proposed settlement with DataTern because the settlement [would be] less than it would cost to litigate...." I never suggested a settlement on the basis that it would cost less to settle than to litigate.

5. SAP also asserts in the Motion that the same unnamed customer has requested that SAP reimburse this unnamed customer's defense and settlement fees because the only product this customer is allegedly accused of infringing is BusinessObjects. In all of my contacts with Texas defendants since about October 1, 2012, I have never mentioned or suggested that a basis for any settlement is or should be the customer's use of SAP's BusinessObjects. Put differently, every communication with each Texas defendant has been focused entirely on their infringement in connection with the use of Microsoft products. To the extent any of the Texas defendants engaged in settlement discussions with me I presumed it was based on the updated infringement claim charts I sent to their counsel.

6. SAP also asserts in the Motion that DataTern has "intimidated" various of SAP's

- 3 -

customers into settling. Leaving aside the absurd notion that a company the size of DataTern could intimidate any of the publicly traded companies currently defending the Texas Customer Actions, several of these defendants, who were initially unresponsive to my communication about settlement, contacted me, made an offer of settlement and voluntarily settled DataTern's claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: December /2, 2012    BY: _____
                                       Timothy J. Haller