IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>DATATERN, INC.,<br><br>       Defendant. | Civil Action No. 1:11-cv-02648-KBF<br><br>**SAP AG AND SAP AMERICA, INC.'S OPPOSITION TO DATATERN'S MOTION TO AMEND ITS COUNTERCLAIMS**<br><br>ECF Case |
| SAP AG AND SAP AMERICA, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>DATATERN, INC.,<br><br>       Defendant. | |

I.      Introduction

DataTern's belated attempt to add a direct infringement claim against SAP AG and SAP America, Inc. ("SAP") is futile and in bad faith.  DataTern's Motion to Amend only came *after* it conceded that it could not prove infringement and *after* SAP filed its largely unopposed summary judgment motion.  Inexplicably, DataTern appears to be attempting to ramp *up* its litigation machine and the cost of this dispute, even as it admits it has lost this case.  Just two days ago it served an amended initial disclosure adding 33 individuals and businesses.  *See* Ex A to Declaration of Edward R. Reines ("Reines Decl.") [DataTern's December 11, 2012 Amended Initial Disclosures] (adding 33 individuals and businesses not listed on DataTern's prior disclosures).  This case should end, not expand.

SAP included in its declaratory judgment complaint a request for a declaration of no direct infringement.  Nevertheless, DataTern made the tactical decision not to include a direct infringement allegation as part of its counterclaims, which it is attempting to reverse by its motion.  But DataTern's direct infringement claim will soon be adjudicated in SAP's favor (along with SAP's declaratory judgment claims of no infringement) based on DataTern's concession that it cannot prove infringement.  This renders futile the direct infringement claim DataTern belatedly seeks to add.

Additionally, DataTern's Motion to Amend is in bad faith.  DataTern argues that its amendment merely adds claims that have always existed in this case.  But DataTern previously used the argument that its counterclaims in this case specifically *excluded* direct infringement in arguing both against a stay in Texas and for its motion to stay or dismiss in this case.  DataTern's intentionally delayed motion to amend is merely another cynical tactic that renders this an exceptional case.  DataTern's amendment would unfairly prejudice SAP, not only in this case,

but also in the cases filed against SAP's customers that are proceeding in the Eastern District of Texas (the "Texas Court"). Thus SAP opposes DataTern's Motion to Amend.

## II.     DataTern's Motion To Amend Should Be Denied As Futile

Despite the otherwise-liberal standard for amendment of pleadings, leave to amend should be denied where "there is no merit in the proposed amendments." *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). In *Health-Chem*, the Second Circuit affirmed a denial of leave to amend on the basis of futility. *Id.*

In *Milanese v. Rust-Oleum Corp.*, in strikingly similar circumstances to this case, the Second Circuit addressed the proper standard for futility where a "cross-motion [to amend] is made in response to a Fed.R.Civ.P. 56 motion for summary judgment, and the parties have fully briefed the issue whether the proposed amended complaint could raise a genuine issue of fact and have presented all relevant evidence in support of their positions." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). The Second Circuit concluded that if the claim would be subject to a pending summary judgment motion, amendment should be denied as futile:

> even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed.R.Civ.P. 56(c).

*Id.*

After conceding that it could not prove infringement, DataTern now moves to amend its claims at a time when that amendment would be futile. DataTern's amended claims, including its new claim of direct infringement, create no triable issue of fact in light of DataTern's concession that it could not prove infringement in this case. Exhibit K to the Declaration of Andrew L. Perito in Support of SAP's Motion for Summary Judgment [D.I. 169-11] [DataTern's concession letter to the Court]. Based on that concession, SAP is entitled to summary judgment

2

as a matter of law on each of the claims DataTern raises in its Second Amended Answer and Counterclaims.  For this reason, DataTern's Motion to Amend is futile and should be denied.

## III.     DataTern's Motion Is In Bad Faith

A motion for leave to amend may also be denied upon a showing of bad faith.  *Milanese*, 244 F.3d at 110.  DataTern's originally-filed counterclaims do not include claims of direct infringement.  DataTern's First Amended Answer and Counterclaims [D.I. 13].  Despite DataTern now arguing to this Court that "[t]hese claims have always been part of this case," it waited until after it had conceded noninfringement—until the very day it filed its partial opposition to SAP's motion for summary judgment that will wholly dispose of this case—to move for leave to amend its pleadings to include a claim of direct infringement.  Motion to Amend at 1.  In the interim, however, DataTern used the absence of direct infringement counterclaims to argue against a stay in the Texas customer cases.

In opposing the customer defendants' stay motions, DataTern argued that the claims before the Texas Court differed from those in New York, explaining that none of DataTern's "counterclaims [in the New York action] assert that either Microsoft or SAP is a direct infringer of the patents in suit."  Ex. B to Reines Decl. (DataTern's Oppositions to Motions to Stay, *DataTern, Inc. v. Staples, Inc., et al.*, 2:10-cv-00133-MHS-CMC (E.D. Tex.) [D.I. 149]) at 11; Ex. C to Reines Decl. (*DataTern, Inc. v. Eli Lilly & Co., et al.*, 2:10-cv-00413-MHS-CMC (E.D. Tex.) [D.I. 105]) at 7.  Indeed, DataTern argued to this Court in its motion to stay or dismiss this action that "DataTern has not accused either Microsoft or SAP of infringement."  DataTern's Memo. ISO Mtn. to Stay, *Microsoft v. Datatern*, 1:11-cv-2365-KBF (S.D.N.Y.) [D.I. 38] at 11.  Furthermore, in the Texas Court, "DataTern did not accuse Microsoft's or SAP's software tools of infringement."  *Id.*  Rather, "DataTern accused third parties of infringing its patents through the use of their own software and databases that merely were used in conjunction with, or relied

3

partially on, Microsoft's or SAP's software tools." *Id.* DataTern could have asserted claims of direct infringement at any time during this case. Instead, it waited until after those claims could no longer affect (1) its arguments for stay in this Court; or (2) its arguments against stay in the Texas Court. DataTern should not be permitted to delay its assertion of these claims for tactical advantage.

IV.    **Conclusion**

For the foregoing reasons, DataTern's Motion to Amend Its Counterclaims should be denied.

Dated:  December 13, 2012

Aleksander J. Goranin (*pro hac vice*)
Erich M. Falke (*pro hac vice*)
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 568-3100

Respectfully submitted,

*/s/ Edward R. Reines*
Edward R. Reines (*pro hac vice*)
Andrew L. Perito (*pro hac vice)*
Evan N. Budaj (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
Telephone: (650) 802 3000
Facsimile: (650) 802 3100

Douglas McClellan (*pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002-2755
Telephone: (713) 546 5000
Facsimile: (713) 224 9511

Timothy E. DeMasi
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

***Attorneys for Plaintiffs-Counterclaim Defendants***
*SAP AG and SAP America, Inc.*